1

PAYNE & FEARS LLP
Attorneys at Law

2

Daniel F. Fears, Bar No. 110573
E-Mail: dff@paynefears.com

3

Sean A. O'Brien, Bar No. 133154
E-Mail: sao@paynefears.com

4

4 Park Plaza, Suite 1100
Irvine, CA 92614

5

Telephone: (949) 851-1100
Facsimile: (949) 851-1212

6

7

Attorneys for Defendant
THE BOEING COMPANY

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

SUSAN NOVAK, an individual and
on behalf of all others

CASE NO. **SACV09 -1011 CJC (ANx)**

12

similarly situated and the
general public,

(Orange County Superior Court
Case No. 30-2009-00180151)

13

14

Plaintiff,

**PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C.**

15

v.

**§§ 1332, 1367, 1441, 1446 and
1453**

16

THE BOEING COMPANY, a Delaware
Corporation and DOES 1 through

17

100, inclusive.

**[DIVERSITY JURSIDICTION]**

18

19

Defendants.

20

21

22

23

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

24

DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SUSAN NOVAK, AND HER

25

COUNSEL OF RECORD:

26

27

PLEASE TAKE NOTICE that Defendant THE BOEING COMPANY

28

(hereinafter "Boeing") hereby removes this action from the Superior

Court of the State of California for the County of Orange to the United States District Court for the Central District of California, on the grounds of diversity jurisdiction, as follows:

## PLAINTIFF'S STATE COURT ACTION

1.    On or about July 27, 2009, Plaintiff Susan Novak ("Plaintiff" or "Novak") filed a complaint (the "Complaint") against Boeing in the Superior Court of the State of California, County of Orange, entitled "SUSAN NOVAK, individually and on behalf of all others similarly situated and the general public, Plaintiff, vs. THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive, Defendants,"  Case No. 30-2009-00180151 (the "State Court Action").  Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

2.    Boeing was served with a copy of Plaintiff's Complaint and Summons on or about August 6, 2009.

3.    The Complaint alleges causes of action against Boeing for:  (1) Failure to pay overtime wages; (2) Failure to furnish accurate wage statements; (3) Failure to pay all wages earned; (4) Failure to pay all wages earned upon termination or discharge; and (5) Unfair business competition in violation of Business and Professions Code Sections 17200 *et seq.*  The Complaint seeks relief on an individual basis, as well as a class-wide basis, on behalf of "all others similarly situated." *See* Exhibit "A," ¶ 1).

1     4.    On September 1, 2009, Boeing timely filed and

2  served an answer to the Complaint (the "Answer"), containing a

3  general denial and affirmative defenses.   A true and correct copy

4  of Boeing's Answer is attached hereto as Exhibit "B."

5

6     5.    On September 1, 2009, Boeing filed a Peremptory

7  Challenge of Judge Pursuant to C.C.P. § 170.6 with the

8  Declaration of Sheela H. Shah in Support Thereof and lodged a

9  Proposed Order on the Peremptory Challenge.   A true and correct

10  copy of Boeing's Peremptory Challenge is attached hereto as

11  Exhibit "C."  A true and correct copy of the Boeing's Proposed

12  Order on the Peremptory Challenge is attached hereto as Exhibit

13  "D."

14

15     6.    On September 2, 2009, Boeing filed an Amended

16  Peremptory Challenge of Judge Pursuant to C.C.P. § 170.6; Amended

17  Declaration of Sheela H. Shah in Support of Defendant's Amended

18  Peremptory Challenge, and Amended Proposed Order on the Amended

19  Peremptory Challenge.   A true and correct copy of these files are

20  attached hereto as Exhibits "E," "F," and "G" respectively.

21

22     7.    On September 3, 2009, Boeing filed a Second

23  Amended Peremptory Challenge of Judge Pursuant to C.C.P. § 170.6;

24  Second Amended Declaration of Sheela H. Shah in Support of

25  Defendant's Second Amended Peremptory Challenge, and Second

26  Amended Proposed Order on the Second Amended Peremptory

27  Challenge.   A true and correct copy of these files are attached

28  hereto as Exhibits "H," "I," and "J" respectively.

8.     This Petition and Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in that Boeing was originally served with a copy of the Complaint no more than thirty (30) days before the filing of this Petition and Notice.

9.     The Summons and Complaint attached hereto as Exhibit "A," the Answer attached as Exhibit "B," and the Peremptory Challenge with Proposed Order attached as Exhibits "C" through "J" constitute all pleadings, process and orders filed and served in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN NOVAK AND DEFENDANT

10.     Under 28 U.S.C. § 1332(d)(2), diversity jurisdiction over a class action exists when any named member of a class of plaintiffs is a citizen of a state different from any defendant, and the defendant is not a citizen of the state in which the action is filed.

11.     Novak is a citizen of the State of California and resides in the County of Orange and was so residing at the time of the filing of the Complaint.

12.     Novak has alleged in Paragraph 1 of her Complaint that the entire putative class of plaintiffs are or were at all times relevant hereto employed by Boeing in the Engineering, Operations & Technology Division as non-exempt employees in

1  California.  Boeing is therefore informed and believes that

2  plaintiffs are citizens of the State of California and were

3  citizens of California at the time of the filing of the

4  Complaint.

5

6       13.  Boeing is, and at all times relevant to the

7  Complaint was, incorporated in the State of Delaware, and its

8  principal place of business is at its Worldwide Headquarters in

9  Chicago, Illinois.  Boeing performs the vast majority of its

10  executive and administrative functions at its corporate

11  headquarters, located in Chicago, Illinois.  (Krubski Decl., ¶¶

12  2-3).

13

14       14.  If a party is a corporation, it is a citizen of

15  both its state of incorporation and the state where it has its

16  principal place of business.  28 U.S.C. § 1332(c)(1).

17  Accordingly, Boeing is (and was at the time of filing of the

18  Complaint) a citizen of the States of Delaware and Illinois.  *See*

19  *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128,

20  1134 (9th Cir. 1997).

21

22  <u>THE AMOUNT IN CONTROVERSY FOR THE NAMED PLAINTIFF'S CLAIMS</u>

23  <u>EXCEEDS THE JURISDICTIONAL MINIMUM</u>

24

25       15.  Novak currently earns a base salary of

26  approximately $86,600 per year as a Programmer Analyst, Level 4

27  at Boeing.  (Blair Decl., ¶ 2).  In her Complaint, Novak prays

28  for monetary damages on the theory that, *inter alia*, she should

have been paid on an hourly, non-exempt basis during the four-year period directly preceding the filing of her Complaint on July 27, 2009. Based on a 40 hour workweek, Novak's salary of $86,600 amounts to approximately $41.63 per hour. (*Id.*)  Four years prior to filing her Complaint, Novak was earning approximately $69,500 per year and this salary progressively went up during the four year period. (*Id.* at ¶ 3).  Accordingly, Plaintiff's <u>lowest</u> possible hourly rate during the relevant four year period would have been $33.41. (*Id.*)

16.   In paragraph 19 of her Complaint, Novak alleges that she "regularly" worked more than eight hours a day or 40 hours a week without overtime compensation.  Novak also alleges that Boeing capped the maximum amount of overtime that could be paid to Novak, and/or that Boeing did not pay any overtime compensation to Novak.  Although Novak logged her working hours, she is now claiming that she was not paid for all the hours logged as overtime because of a "cap" policy.  She also argues that she is entitled to overtime for hours she did not log because Boeing "maintains and continue[s] to maintain a policy or practice of requiring Managers and Supervisors to perform various duties off the clock," and that she is therefore entitled to additional overtime during the four year period for hours beyond what her time records may reflect.  In addition, Novak also claims penalties of up to $4,000 because of alleged inaccurate wage statements.  Further, Novak alleges that she is entitled to her attorneys' fees under California statutes. (See Cal. Labor Code §§ 218.5, 226(e), 1194; See Code Civ. Proc. § 1021.5).

17.   Boeing denies that Novak is entitled to any of these amounts, or that she was misclassified as "exempt" under California law.  Because Boeing denies Novak's allegations, a controversy exists regarding her entitlement to any relief.  The total amount involved in that controversy, based on Novak's allegations in the Complaint, exceeds $75,000.  This figure arises from calculations determining that if Novak was non-exempt as she alleges (but which Boeing denies), she would be due $126,779.26 in compensation over her regular rate of salary for hours that she logged (assuming her representations are true). (Blair Dec., ¶ 5).  Of this $126,779.26, Boeing has already paid Novak $69,727.18 under the Extended Workweek ("EWW") Program. The EWW program does not pertain to overtime for non-exempt employees, but rather an incentive program voluntarily established by Boeing which pays an enhancement to exempt employees for extended hours worked.  (*Id.* at ¶ 4).  This incentive program is based on manager approval.  Thus, if hypothetically Novak was non-exempt (which Boeing disputes) the amount calculated would be approximately another $57,052.08 in additional wages for hours that she claims she actually logged but was not paid.  (*Id.* at ¶ 5).

18.   In addition to the additional compensation stated above, Novak claims that she is owed up to $4,000 in penalties for Boeing's alleged failure to provide accurate wage statements. (Complaint, ¶ 39).  Thus, Novak's purported claims put in controversy at least $61,052.08 ($57,052.08 plus $4,000) based on logged hours and penalties for wage statements (which Boeing

1    denies).

2

3        19.  Additionally, Novak claims that she "regularly"

4    worked more overtime than she logged during the relevant four

5    year period, and that she is therefore entitled to overtime pay

6    and premium for those hours.  At the lowest hourly rate of $33.41

7    per hour (and an overtime rate of at least $50.12 per hour), the

8    amount that Novak claims she is owed for four years is clearly

9    far over $75,000.  On top of these alleged damages, Novak also

10   seeks attorneys' fees.  *Muniz v. Pilot Travel Centers, LLC.*, 2007

11   WL 1302504, at *4 (E.D. Cal. 2007); *Galt G/S v. JSS Scandinavia*,

12   142 F.3d 1150, 1155-56 (9th Cir. 1998) (recognizing that

13   attorneys' fees are included in determining the amount in

14   controversy).  All of these alleged damages show that the amount

15   that Novak has put into controversy in her Complaint exceeds

16   $75,000 for Novak's individual claim.

17

18       20.  Complete diversity exists in this case, and this

19   Court has original jurisdiction under 28 U.S.C. § 1332.

20   Therefore, this action is one that Boeing can remove to this

21   Court pursuant to 28 U.S.C. § 1441(b) because it is a civil

22   action between citizens of different states and the matter in

23   controversy exceeds $75,000, exclusive of interest and costs.

24

25   <u>**THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PUTATIVE CLASS**</u>

26                          <u>**CLAMS**</u>

27

28       21.  This Court also has supplemental jurisdiction over

the putative class claims because the amount in controversy in the named Plaintiff's claim exceeds $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611 (2005) ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction"); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 937 (9th Cir. 2001) (court has original jurisdiction if the named plaintiffs satisfy the amount-in-controversy requirement); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). Thus, because Novak's alleged amount in controversy exceeds $75,000, this Court has supplemental jurisdiction over the alleged claims in this case.

## THE AMOUNT IN CONTROVERSY FOR THE PUTATIVE CLASS EXCEEDS THE JURISDICTIONAL MINIMUM, AND THIS CASE IS INDEPENDENTLY REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

22. As a separate and independent ground for removal, this Court has jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA") because the face of the Complaint shows that: (1) the size of the class numbers over 100; (2) there is minimal diversity; (3) and the amount of controversy for the putative class is over $5,000,000.

23.   For "minimal" diversity under CAFA, it is only required that any class member is a citizen of a different state than any defendant.  28 U.S.C. § 1332(d)(2)(B).  As set forth in detail above, minimal diversity is met here because Boeing is a citizen of Delaware and Illinois, while class member Novak is a citizen of California.

24.   In Paragraph 24, Novak estimates that the class will "number greater than 1,000."  Although Boeing contests this number, the Complaint on its face alleges a class size that meets the requirement that the class members be greater than 100. (Complaint, ¶ 24).

25.   To determine the amount in controversy, the Court "must assume that the allegations in the complaint are true." *Forever Living Prods. U.S. Inc. v. Geyman*, 471 F.Supp.2d 980, 986 (D. Ariz. 2006); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  The amount in controversy for the putative class, based on the allegations in the Complaint, also exceeds $5,000,000.  If the class size is what Novak alleges -- over 1,000 people -- that would only entail that each class member have an individual claim of, on average, $5,000 in damages in order for this action to involve an amount in controversy of $5 million.  Boeing denies any liability, denies the propriety of class action treatment, denies the alleged class size, and denies that anyone is entitled to damages based on the allegations of the Complaint.  However, the amount in controversy requirement is met based solely on the allegations

1   of the Complaint, which assert the following damages for the

2   entire class: unpaid overtime, inaccurate wage statements,

3   waiting time penalties for terminated employees, unpaid regular

4   wages and attorneys' fees.  (Complaint, ¶¶ 21, 31-32, 39, 45, 52-

5   54, 59-60).

6

7        26.  Defendant denies that Novak and the putative class

8   are entitled to any of these amounts, or that any were

9   misclassified as exempt.  However, given the size the class

10  alleged by Novak and the temporal extent of the claims (four

11  years), the allegations of the Complaint, if taken as true, show

12  that the total amount in controversy potentially exceeds

13  $5,000,000 for the entire class and Boeing has established the

14  elements necessary for removal under CAFA, 29 U.S.C. § 1332(d).

15

16                    **REMOVAL IS TIMELY**

17

18       27.  This Notice of Removal is timely pursuant to 28

19  U.S.C. § 1446(b) because this action is being removed within

20  thirty (30) days of the time when Boeing first became aware that

21  it was removable.  "[A] notice of removal may be filed within

22  thirty days after receipt by the defendant, through service or

23  otherwise, of a copy of an amended pleading, motion, order or

24  other paper from which it may first be ascertained that the case

25  is one which is or has become removable."  18 U.S.C. § 1446(b).

26  Boeing first became aware that this action was removable when it

27  was served with the Complaint on August 6, 2009, and is thus

28  removing in a timely manner.

1

## CONCLUSION

2

3          28.   Because (1) this civil action is between citizens

4  of different states; (2) the matter in controversy exceeds

5  $75,000.00 for Novak's claims; and (2) the matter in controversy

6  exceeds $5,000,000 for the entire class, Boeing respectfully

7  requests that this Court exercise its removal jurisdiction over

8  this action pursuant to 28 U.S.C. §§ 1332, 1367, 1446 and 1441(b)

9  and 1453.

10

11

DATED: September 3 , 2009   PAYNE & FEARS LLP

12

13                              By: _____

14                                   DANIEL F. FEARS
                                     SEAN A. O'BRIEN
15

16                              Attorneys for Defendant
                                THE BOEING COMPANY
17

18

19

20

21

22

23

24

25

26

27

28

INDEX OF EXHIBITS

EXHIBIT                 DESCRIPTION

EXHIBIT "A":            Complaint

EXHIBIT "B":            Answer

EXHIBIT "C":            Peremptory Challenge and Declaration

EXHIBIT "D":            Proposed Order on Peremptory Challenge

EXHIBIT "E":            Amended Peremptory Challenge

EXHIBIT "F":            Amended Declaration of Sheela H. Shah

Exhibit "G":           Amended Proposed Order on Peremptory
                       Challenge

EXHIBIT "H":           Second Amended Peremptory Challenge

EXHIBIT "I":           Second Amended Declaration of Sheela H. Shah

Exhibit "J":           Second Amended Proposed Order on Peremptory
                       Challenge

4826-7437-3636.2

**EXHIBIT "A" TO NOTICE OF PETITION**



SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE BOEING COMPANY, a Delaware Corporation and DOES 1
through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUSAN NOVAK, individually and on behalf of all others similarly
situated and the general public

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 27 2009**

ALAN CARLSON, Clerk of the Court

BY: _____ R. VAVRA _____ DEPUTY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br>Civil Complex Center, 751 West Santa Ana Blvd. Santa Ana, CA 92701 | CASE NUMBER:<br>*(Número del Caso):*<br>**30-2009**<br>**00180151** |
|---|---|

JUDGE RONALD L. BAUER
DEPT. CX103

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ronald W. Makarem, Makarem & Associates, 11601 Wilshire Blvd., Suite 2440, Los Angeles, CA 90025

| DATE: **JUL 27 2009**<br>*(Fecha)* | **ALAN CARLSON** Clerk, by<br>*(Secretario)* | **RACHELLE VAVRA** , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE BOEING COMPANY, A DELAWARE CORPORATION

under: ☒ CCP 416.10 (corporation)　　☐ CCP 416.60 (minor)
　　　　☐ CCP 416.20 (defunct corporation)　　☐ CCP 416.70 (conservatee)
　　　　☐ CCP 416.40 (association or partnership)　　☐ CCP 416.90 (authorized person)
　　　　☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/10/09

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit A Pg 13

COPY

1  MAKAREM & ASSOCIATES, APLC
   Ronald W. Makarem, Esq. (SB #180442)
2  Marni B. Folinsky, Esq. (SB #209880)
   11601 Wilshire Boulevard, Suite 2440
3  Los Angeles, California  90025-1760
   Phone: (310) 312-0299; Fax:  (310) 312-0296
4
   Attorneys for Plaintiff, Susan Novak
5

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 27 2009**

ALAN CARLSON, Clerk of the Court

BY: ____R. VAVRA____ DEPUTY

7

8                 SUPERIOR COURT OF CALIFORNIA
                                         JUDGE RONALD L. BAUER
9              FOR THE COUNTY OF ORANGE      DEPT. CX103

                                         30-2009
10
    SUSAN NOVAK, individually and on       CASE NO.
11  behalf of all others similarly situated       **00180151**
    and the general public,
12                                         **CLASS ACTION COMPLAINT FOR:**
13              Plaintiff,
                                           **1. FAILURE TO PAY OVERTIME WAGES**
14      vs.
                                           **2. FAILURE TO FURNISH ACCURATE**
15                                            **WAGE STATEMENTS**
    THE BOEING COMPANY, a Delaware
16  Corporation and DOES 1 through 100,    **3. FAILURE TO PAY ALL WAGES**
    inclusive.                                **EARNED**
17
                                           **4. FAILURE TO PAY ALL WAGES**
18              Defendants.                   **EARNED UPON TERMINATION OR**
                                              **DISCHARGE**
19
                                           **5. UNFAIR BUSINESS COMPETITION IN**
20                                            **VIOLATION OF BUSINESS AND**
                                              **PROFESSIONS CODE SECTION 17200**
21
22                                         **DEMAND FOR JURY TRIAL**
23
24      Plaintiff, SUSAN NOVAK (who hereinafter shall be referred to as the "Plaintiff" or

25  as "NOVAK"), individually and on behalf of all similarly situated individuals, hereby

26  alleges, avers, and complains, as follows:

27

28                                         THIS CASE IS SUBJECT TO
                                           MANDATORY ELECTRONIC FILING
    Makarem & Associates APLC       - 1 -PURSUANT TO RULE 308 OF THE LOCAL RULES
                                  OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
                  CLASS ACTION COMPLAINT

Exhibit A Pg. 14

## INTRODUCTION

1.   This is a class action brought on behalf of Plaintiff, SUSAN NOVAK, individually, and all other individuals similarly situated who were employed by THE BOEING COMPANY ("BOEING") and Does 1 through 100, (collectively "Defendants") in the Engineering, Operations & Technology Division (hereinafter "E O & T") as non-exempt employees in California.

2.   Plaintiff and all other similarly situated individuals were employed by BOEING (collectively, the "Class" or "Class Members") during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), and were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to non-exempt employees in the State of California.

3.   Plaintiff alleges that Defendant (1) failed to pay Plaintiff and Class Members all overtime wages for hours worked in excess of 8 hours a day or 40 hours a week; (2) failed to provide accurate wage statements after each pay period; (3) failed to pay all wages earned each pay period on the regular payday in violation of Labor Code § 204; (4) failed to pay all earned wages after their employment ended in violation of Labor Code §§ 201 or 202; (5) violated California's Unfair Business Practices Act, California Business & Professions Code §§ 17200, et seq.

4.   Plaintiff and Class Members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay proper compensation.

5.   This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10. The action is brought pursuant to Code of Civil Procedure § 382, Civil Code §§ 1781 et seq. Plaintiff brings this action on his own behalf, and on behalf of all persons within the Class as hereinafter defined.

6.   Venue is proper in Orange County pursuant to Code of Civil Procedure §395(a) and §395.5 in that many of the wrongful acts complained of occurred in this

Exhibit A Pg 15

1   County and Defendants are found, maintain offices, and/or transact business in Orange

2   County.

3         7.     During the period beginning one year preceding the filing of the original

4   complaint in this action. Defendants violated Labor Code Sections 201, 202, 204, 226(a),

5   510, Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

6   himself and other current or former employees, to bring a civil action to recover civil

7   penalties pursuant to Labor Code Section 2699. At this time, Plaintiff, on behalf of herself

8   and all others similarly situated, is not asserting any claim for civil penalties pursuant to

9   California Labor Code § 2699. Plaintiff, on behalf of herself and all others similarly

10  situated, do, however, reserve the right to amend the complaint, or any other subsequently

11  filed pleading to assert claims for civil penalties under the Private Attorney General Act of

12  1994.

13                              **THE PARTIES**

14        8.     Plaintiff SUSAN NOVAK is an individual and resident of Orange County.

15        9.     Defendant THE BOEING COMPANY is a Delaware corporation. Defendant

16  owns and operates locations throughout the state of California, including Orange County.

17        10.    The true names and capacities of defendants Does 1 through 100, inclusive,

18  and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious

19  names. Plaintiff is informed and believes and thereon alleges that each of the defendants

20  fictitiously named herein is legally responsible in some actionable manner for the events

21  described herein, and thereby proximately caused the damage to Plaintiff and the

22  members of the Class. Plaintiff will seek leave of Court to amend this Complaint to state

23  the true name(s) and capacities of such fictitiously named defendants when the same have

24  been ascertained.

25        11.    Plaintiff is informed and believes and thereon allege that at all times

26  relevant herein, each defendant aided and abetted, and acted in concert with and/or

27  conspired with each and every other defendant to commit the acts complained of herein

28

Makarem & Associates APLC          - 3 -

                       CLASS ACTION COMPLAINT

1    and to engage in a course of conduct and the business practices complained of herein

2         12.    Defendants, including Does 1 through 100, inclusive, are now, and/or at all

3    times mentioned in this Complaint were the affiliates of some or all other Defendants, and

4    vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or

5    indirectly controlling, controlled by or under common control with such other Defendants.

6         13.    Defendants, including Does 1 through 100, inclusive, are now, and/or at all

7    times mentioned in this Complaint were the agents, servants and/or employees of some or

8    all other Defendants, and vice-versa, and in doing the things alleged in this Complaint,

9    Defendants are now and/or at all times mentioned in this Complaint were acting within

10   the course and scope of that agency, servitude and/or employment,

11        14.    Defendants, including Does 1 through 100, inclusive, are now, and/or at all

12   times mentioned in this Complaint were members of, and/or engaged in, a joint venture,

13   partnership and common enterprise, and acting within the course and scope of, and in

14   pursuance of said joint venture, partnership and common enterprise.

15        15.    Defendants, including Does 1 through 100, inclusive, at all times mentioned

16   in this Complaint approved of, condoned and/or otherwise ratified each and every one of

17   the acts and/or omissions alleged in this Complaint.

## FACTUAL ALLEGATIONS

18

19        16.    Defendant BOEING, according to its website, is the world's leading

20   aerospace company and the largest combined manufacturer of commercial jetliners and

21   military aircraft.

22        17.    Plaintiff works for BOEING as programmer analyst, a non-exempt employee

23   in the E O & T Division. Plaintiff has worked for Boeing since approximately 2001 and is

24   still currently employed with BOEING.

25        18.    Plaintiff and other similarly situated as Plaintiff, primarily engaged in duties

26   that are not exempt from the wage and hour orders. ·

27        19.    At all times relevant herein, Plaintiff regularly worked more than 8 hours a

28

Makarem & Associates APLC         - 4 -

CLASS ACTION COMPLAINT


Exhibit A Pg

1  day or 40 hours a week without separate overtime compensation.  Regardless of the

2  number of hours plaintiff worked beyond 8 hours a day or 40 hours a week, Defendants

3  capped the maximum amount of overtime compensation it would pay plaintiff and/or did

4  not pay any overtime compensation to plaintiff. Defendants thus failed to pay Plaintiff all

5  wages earned each pay period and failed to provide Plaintiff with accurate wage

6  statements.

7       20.    The members of the Class are similarly situated individuals who are

8  presently employed or were formerly employed at BOEING in the E O & T  division  in

9  California who were not (1) paid overtime for all hours in excess of eight worked in one

10  day or forty hours in one work week; (2) paid all wages owed each pay period; (3)

11  provided accurate wage statements; and/or (5) paid all earned wages timely upon

12  termination of their employment.

13  **CLASS ACTION ALLEGATIONS**

14       21.    Plaintiff brings this action on behalf of herself and all other similarly

15  situated persons as a class action pursuant to Code of Civil Procedure Section 382.

16  Plaintiff seek to represent a Class composed of and defined as follows:

17         a.   All former and current non-exempt employees employed by Defendant at

18              any time during the four-year period preceding the filing of this action

19              through the date notice is mailed to the class.

20         b.   All former and current non-exempt employees employed by Defendant, at

21              any time during the four-year period preceding the filing of this action

22              through the date notice is mailed to the class.

23       22.    Plaintiff reserve the right under Rule 1855(b), California Rules of Court, to

24  amend or modify the class description with greater specificity or further division into

25  subclasses or limitation to particular issues.

26       23.    This action has been brought and may be maintained as a class action

27  pursuant to Code of Civil Procedure Section 382 because there is a well-defined

28  community of interest among many persons who comprise a readily ascertainable class.

24.     **Numerosity and Ascertainability** (C.C.P. §382): The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown to Plaintiff at this time, however, it is estimated that the Class will number greater than 1,000. The identity of such membership can readily be ascertained from Defendants' employment records.

25.     **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims that would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class members were to litigate separately.

26.     **Well-defined Community of Interest**: Plaintiff also meet the established standards for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

27.     **Typicality**: The claims of Plaintiff SUSAN NOVAK are typical of the claims of all members of the Class she seeks to represent because all members of the Class sustained injuries and damages arising out of Defendants' policy, practice and common course of conduct in violation of law and the injuries and damages of all members of the

Makarem & Associates APLC               - 6 -
CLASS ACTION COMPLAINT

Exhibit A Pg. 19

Class were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

28.    **Adequacy**: Plaintiff SUSAN NOVAK:

    a.  Is an adequate representative of the Class she seeks to represent;

    b.  will fairly protect the interests of the members of the Class;

    c.  has no interests antagonistic to the members of the Class; and

    d.  will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

29.    **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation. Whether Defendants violated Labor Code Sections 1194 and 510 by not paying overtime wages to Class members for all hours worked in excess of eight in one day or in excess of forty hours a week;

    a.  Whether Defendants violated Labor Code Section 204 by not paying Class members for all wages earned during each pay period;

    b.  Whether Defendants violated Labor Code Section 226(a) by not providing Class members with accurate wage statements;

    c.  Whether Defendants violated Labor Code Section 201 or 202 by not paying Class members wages due upon termination in a timely manner;

    d.  Whether Defendants failed to pay all wages due and owing at the time of termination or discharge to Class members ;

    e.  Whether Defendants are liable to Class members for civil penalties under Labor Code Section 2699;

    f.  Whether Defendant's conduct constituted unfair competition or unlawful business practice under Business and Professions Code Section 17200, *et seq.*;

    g.  Whether injunctive relief is appropriate to ensure Defendant's compliance with the Labor Code with respect to members of the Class currently

Exhibit A Pg 20

1    employed by Defendants;

2       h.  Whether Class members are entitled to attorney's fees;

3       i.  Whether Class members are entitled to prejudgment interest;

4       j.  Whether Class members are entitled to restitution;

5       k.  Whether each Class member might be required to ultimately justify an

6          individual claim does not preclude maintenance of a class action. *Collins v.*

7          *Rocha* (1972) 7 Cal.2d 232.

8    **FIRST CAUSE OF ACTION**

9    For Failure to Pay Overtime Wages

10   (Against All Defendants)

11      30.  Plaintiff incorporates by reference and realleges as if fully stated herein the

12   material allegations set out above in the preceding paragraphs.

13      31.  At all relevant times, Plaintiff and the other Class members were employees

14   covered by Labor Code Section 510 and Wage Order 7-2001 and pursuant to Labor Code

15   Section s 510 and Wage Order 7-2001, Plaintiff and the other Class members were entitled

16   to overtime wages payable at the rate of at least one and one-half times their regular rate of

17   pay for all work in excess of eight hours in one workday or in excess of forty hours in one

18   workweek and payable at the rate of at least twice the regular rate of pay for all work in

19   excess of twelve hours in one workday.

20      32.  Defendant failed to pay Plaintiff and the other Class members for all

21   overtime worked in accordance with Labor Code Section 510 and Wage Order 7-2001.

22   Plaintiff is informed and believe and thereon allege that at all relevant times within the

23   applicable class period, Defendants maintained and continue to maintain a policy or

24   practice of requiring Managers and Supervisors to perform various duties off the clock

25   without compensating them for all their hours actually worked.

26      33.  As a result of Defendants' unlawful conduct, Plaintiff and other members of

27   the Class have suffered damages in an amount, subject to proof, to the extent they were

28   not paid for all overtime wages earned.

Makarem & Associates APLC      - 8 -

CLASS ACTION COMPLAINT

34.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### For Failure to Furnish Accurate Wage Statements

### (Against All Defendants)

35.    Plaintiff incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

36.    At all relevant times, Plaintiff and the other class members were employees of Defendant covered by Labor Code Section 226.

California Labor Code § 226(a) provides that:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the

Exhibit A Pg 22

legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

37.     At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiff and the other Class Members, the beginning and ending time of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

38.     Defendants' failure to furnish accurate and timely wages statements to Plaintiff and the other members of the Class was knowing and intentional.

39.     As a result of Defendants' conduct, Plaintiff and other members of the Class are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

## THIRD CAUSE OF ACTION

### For Failure to Pay All Wages Earned.

### (Against All Defendants)

40.     Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

41.     At all relevant times, Plaintiff and the other members of the Class were employees covered by Labor Code Section 204.

42.     Pursuant to Labor Code Section 204, Plaintiff and the other members of the Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

43.     Defendants failed to pay Plaintiff and other members of the Class for all wages earned each pay period on the regular payday for the pay period. The earned and

Makarem & Associates APLC                            - 10 -
CLASS ACTION COMPLAINT

1  unpaid wages include, but are not limited to, wages for hours worked off the clock, and

2  overtime wages.

3      44.    As a result of Defendant's unlawful conduct, Plaintiff and members of the

4  Class have suffered damages in an amount according to proof at trial.

5      45.    Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members

6  of the Class are entitled to recover the full amount of their unpaid wages, prejudgment

7  interest, reasonable attorney's fees and costs of suit.

8                         FOURTH CAUSE OF ACTION

9        For Failure to Pay Earned Wages Upon Termination or Discharge.

10                         (Against All Defendants)

11      46.    Plaintiff incorporates by reference and realleges as if fully stated

12  herein the material allegations set out above in the preceding paragraphs.

13      47.    At all relevant times, Plaintiff and the other members of the Class who were

14  discharged or terminated from employment are covered by Labor Code Section 201 or 202.

15      48.    Pursuant to Labor Code §§ 201 and 202, members of the Class were entitled

16  to receive upon termination all wages earned and unpaid at the time of termination.  If an

17  employee is discharged, all wages earned and unpaid are due and payable immediately

18  upon discharge.  If an employee quits his or her employment, his or her wages shall

19  become due and payable not later than 72 hours thereafter, unless the employee has given

20  72 hours previous notice of his or her intention to quit, in which case the employee is

21  entitled to his or her wages at the time of quitting.

22      49.    Defendants failed to pay terminated members of the Class all wages earned

23  and unpaid at the time of termination timely in accordance with Labor Code Section 201 or

24  202.  Their earned and unpaid wages at the time of termination include, but are not

25  limited to, hours worked off the clock and hours worked overtime.

26      50.    Defendants' failure to pay terminated members of the Class all wages

27  earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.

28  Defendants had the ability to pay all wages earned by employees prior to termination in

Makarem & Associates APLC            - 11 -
                         CLASS ACTION COMPLAINT

1     accordance with Labor Code Sections 201 or 202, but intentionally followed a practice or

2     adopted a policy that violated Labor Code Sections 201 or 202.

3         51.     Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of

4     the terminated Class are entitled to all wages earned prior to termination that Defendant

5     failed to pay them.

6         52.     California Labor Code § 203 provides that if an employer willfully fails to

7     pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of the

8     employee shall continue as a penalty from the due date thereof at the same rate until paid

9     or until an action therefore is commenced; but the wages shall not continue for more than

10     30 days.

11         53.     Therefore, terminated members of the Class are entitled to recover from

12     Defendants the statutory penalty for each day they were not paid at their regular rate of

13     pay up to 30 days' maximum pursuant to California Labor Code § 203.

14         54.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members

15     of the terminated Class are entitled to recover their unpaid wages, waiting time penalties

16     under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to

17     Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the

18     terminated Class are entitled to recover prejudgment interest.

19                **FIFTH CAUSE OF ACTION**

20            **For Unfair Competition in Violation of**

21       **Business & Professions Code Section 17200**

22             **(Against All Defendants)**

23         55.     Plaintiff incorporate by reference and reallege as if fully stated herein the

24     material allegations set out above in the preceding paragraphs.

25         56.     Defendants are "persons" as that term is defined under Business &

26     Professions Code § 17021. Business & Professions Code § 17200 defines unfair competition

27     as any unlawful, unfair, or fraudulent business act or practice.

28         57.     At all times relevant hereto, by and through the conduct described herein,

CLASS ACTION COMPLAINT

Defendants have engaged in unfair and unlawful practices by, among others:

    a.    capping payment of overtime wages regardless of the number of overtime hours worked;

    b.    failing to pay overtime wages for all hours worked overtime;

    c.    failing to pay all earned wages on regular paydays;

    d.    failing to pay all earned wages upon termination;

    e.    failing to maintain and furnish accurate wage statements;

58.    Plaintiff and other members of the Class are entitled to, and do seek, such relief as may be necessary to restore to them all wages and other monies owed and belonging to them, including interest thereon, that Defendant wrongfully withheld from them and retained for themselves.   Pursuant to Business & Professions Code § 17203, Plaintiff and other members of the Class are entitled to restitution of the wages and other monies withheld, deducted and/or retained by Defendants during a period that commences four years prior to the filing of this action.

59.    Pursuant to Business and Professions Code § 17203, Plaintiff and other members of the Class are entitled to an injunction to prevent the continuation of Defendant's unlawful and unfair business practices that constitute unfair competition.

60.    Plaintiff and other members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other persons similarly situated, prays for relief and judgment against Defendants as follows:

a) CLASS CERTIFICATION

    i)   An order that the action be certified as a class action;

    ii)  An order that Plaintiff be certified as the representatives of the Class;

    iii) An order that counsel for Plaintiff be confirmed as *Class counsel;*


Exhibit A Pg 26

b) ON THE FIRST CAUSE OF ACTION

   i) Damages for unpaid overtime wages according to proof;

   ii) Prejudgment interest;

c) ON THE SECOND CAUSE OF ACTION

   i) Damages or penalties for not providing accurate wage statements in an amount according to proof;

   ii) An order requiring Defendant to comply with Labor Code Section 226(a);

d) ON THE THIRD CAUSE OF ACTION

   i) Damages for unpaid wages earned but not paid each pay period in an amount according to proof;

   ii) Prejudgment interest;

e) ON THE FOURTH CAUSE OF ACTION

   i) Damages for unpaid wages earned prior to termination of employment in an amount according to proof;

   ii) Waiting time penalties for failure to pay all earned wages timely upon termination of employment in an amount according to proof;

   iii) Prejudgment interest;

f) ON THE FIFTH CAUSE OF ACTION

   i) Restitution of all unpaid wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for themselves in an amount according to proof

   ii) Prejudgment interest:

   iii) An order enjoining Defendants from engaging in the unfair and unlawful business practices described herein;

//
//
//
//
//

Makarem & Associates APLC     - 14 -

CLASS ACTION COMPLAINT

g)  ON ALL CAUSES OF ACTION

  i)   Judgment in favor of Plaintiff and the Class and against Defendants;

  ii)  Reasonable attorney's fees;

  iii) Costs of suit; and

  iv) Such other relief as the Court deems just and proper.

Dated: July 24, 2009                              MAKAREM & ASSOCIATES, APLC

                                                  By:

                                                     MARNI B. FOLINSKY
                                                     Attorneys for Plaintiff

Exhibit A Pg 28

**EXHIBIT "B" TO NOTICE OF PETITION**

es pd 9/1/09



| 1 | Daniel F. Fears, Bar No. 110573 | **ELECTRONICALLY** |
| 2 | Sean A. O'Brien, Bar No. 133154 | **FILED** |

1   Daniel F. Fears, Bar No. 110573
    Sean A. O'Brien, Bar No. 133154
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail:  dff@paynefears.com
                sao@paynefears.com
6

7   Attorneys for Defendant
    THE BOING COMPANY
8

**ELECTRONICALLY
FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Sep  01 2009**

ALAN CARLSON, Clerk of the Court
by M. DEMARIA

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF ORANGE - CENTRAL DISTRICT**

11   SUSAN NOVAK, an individual and on behalf         CASE NO. 30-2009-00180151
     of all others similarly situated and the general
12   public,                                           ASSIGNED FOR ALL PURPOSES TO:
                                                        Judge:         Hon. Ronald L. Bauer
13                  Plaintiff,                          Department:   CX-103

14           v.

15   THE BOEING COMPANY, a Delaware                    **ANSWER TO UNVERIFIED**
     Corporation and DOES 1 through 100,               **COMPLAINT**
16   inclusive.

17                  Defendant.

18

19

20                        **GENERAL DENIAL**

21

22           Defendant The Boeing Company ("Defendant"), for itself and for no other

23   Defendant, denies, generally and specifically, each and every allegation contained in the

24   Complaint filed herein by Plaintiff Susan Novak ("Plaintiff").  Defendant further denies, generally

25   and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or

26   omission on the part of Defendant or on the part of any agent or employee of Defendant, or any of

27   them.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100



Exhibit B Pg 29

ANSWER TO COMPLAINT

1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint, and each alleged cause of action therein, fails to state sufficient facts to constitute a claim upon which relief may be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    The Complaint, and each alleged cause of action therein, is barred, in whole or in part, by the applicable statutes of limitation, including but not limited to Code of Civil Procedure sections 338(a), 339, 340(a), 340 (b) and 343; and Business and Professions Code section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Proper Compensation)

3.    Defendant is informed and believes that Plaintiff's claims are barred in whole or in part because at all times mentioned in the Complaint, Plaintiff was compensated properly pursuant to the requirements contained in the California Labor Code and the Wage Orders of the California Industrial Welfare Commission.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

4.    The Complaint, and each alleged cause of action therein, is barred, in whole

Exhibit B Pg 30

1    or in part, because any decisions made by Defendant with respect to Plaintiff's employment,

2    wages, pay stubs, and paycheck deductions were made in good faith and reasonably based on the

3    facts as Defendant understood them.

4

5    **FIFTH AFFIRMATIVE DEFENSE**

6    **(Legitimate Business Reason)**

7

8          5.    The Complaint, and each alleged cause of action therein, is barred, in whole

9    or in part, because each employment action of which Plaintiff complains, if it occurred at all, was

10    taken for legitimate business reasons that did not violate public policy or any statutory prohibition.

11

12    **SIXTH AFFIRMATIVE DEFENSE**

13    **(Justification)**

14

15          6.    Plaintiff's Complaint, and each cause of action alleged therein, is barred

16    because Defendant's actions with respect to the subject matter in each of the alleged causes of

17    action were undertaken in good faith and for good cause, with the absence of malicious intent to

18    injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to

19    engage in and continue its business activities.

20

21    **SEVENTH AFFIRMATIVE DEFENSE**

22    **(Good Faith)**

23

24          7.    The Complaint, and each cause of action contained therein, is barred on the

25    ground that Defendant acted in good faith conformity with and reliance on regulations, orders,

26    rulings interpretations, practices or policies of the California Industrial Welfare Commission and

27    the California Division of Labor Standards Enforcement.

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit B Pg 31

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Represent Class)

8.     The Complaint, and each alleged cause of action therein, is not proper for treatment as a class action because, among other reasons: (a) Plaintiff has not identified an ascertainable class; (b) Plaintiff is an inadequate representative of the purported class; (c) Plaintiff cannot establish typicality of claims; (d) that common questions of law or fact do not predominate in this case; and (e) the individualized nature of the putative class's claims make class treatment inappropriate.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

9.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that the numerosity requirement for class actions is not satisfied.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

10.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not the superior method of adjudication in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Similar Situation)

11.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not warranted because the Plaintiff is not similarly situated to other proposed class members.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-4-

ANSWER TO COMPLAINT

Exhibit B Pg 32

## TWELFTH AFFIRMATIVE DEFENSE

### (Overbroad Class Definition)

12.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that the class definition proposed is facially overbroad in that the class consists of multiple overlapping groups.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

13.     Plaintiff's damages, if any, must be reduced by amounts Plaintiff owes to Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

14.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Penalties or Liquidated Damages)

15.     Each claim for penalties or liquidated damages contained within the Complaint is barred on the grounds that the acts or omissions alleged by Plaintiff were made in good faith by Defendant, and Defendant had reasonable grounds for believing that the alleged acts or omissions were not in violation of the California Labor Code.  Consequently, Plaintiff is not entitled to penalties or liquidated damages, and the amounts of wages claimed by Plaintiff should be reduced accordingly.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-5-

Exhibit B Pg 33

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

### (Causation by Plaintiff/*In Pari Delicto*)

3

4              16.    Plaintiff's Complaint, and each alleged cause of action therein, is barred, in

5     whole or in part, because any damages or injuries that Plaintiff allegedly suffered were caused by

6     Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by

7     Defendant.

8

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

10

### (Unclean Hands)

11

12              17.    The Complaint, and each alleged cause of action therein, is barred by the

13     doctrine of unclean hands because of Plaintiff's conduct and actions.

14

15

## EIGHTEENTH AFFIRMATIVE DEFENSE

16

### (Estoppel)

17

18              18.    Plaintiff's Complaint, and each cause of action alleged therein, is barred

19     because Plaintiff is estopped from asserting each of the claims alleged therein.

20

21

## NINETEENTH AFFIRMATIVE DEFENSE

22

### (Waiver)

23

24              19.    Plaintiff's Complaint, and each cause of action alleged therein, is barred

25     because Plaintiff has waived the right, by reason of his conduct and actions, to assert each of the

26     claims alleged herein.

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit B Pg 34

-6-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TWENTIETH AFFIRMATIVE DEFENSE

### (Laches)

20.    Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

21.    Plaintiffs' alleged causes of action, and each of them, and Plaintiff's claims for damages may be barred by after acquired evidence of misconduct by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (*De Minimis*/Rounding Permissible)

22.    Any alleged underpayment of wages to Plaintiff was *de minimis* or, alternatively, was permissible under the California Labor Code and the regulations, orders, rulings interpretations, practices or policies of the California Industrial Welfare Commission and the California Division of Labor Standards Enforcement.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Direct Injury)

23.    The claim pursuant to California Business & Professions Code Section 17200, *et. seq.* is barred as the Complaint fails to allege an injury to competition as distinct from an injury to the Plaintiff herself.

Exhibit B Pg 35

-7-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Falsification of Time Records)

24.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that the Plaintiff falsified time records during her period of employment with Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Knowledge)

25.     Defendant has no knowledge, nor should it have knowledge of, any alleged uncompensated work by Plaintiff and did not authorize, require, request, suffer, or permit such activity by Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Administrative Exemption)

26.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that she is exempt from overtime/hours requirements of the Labor Code, under the Administrative Exemption.  Cal. Lab. Code § 515(a); Cal. Code Regs., tit. 8 § 11040 *et seq.*; 29 C.F.R. 541.200 *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Exemptions Defense)

27.     Plaintiff's causes of action are barred, in whole or in part, on the grounds that she qualifies for other exemptions, recognized by California and/or federal law, from overtime/hours requirements of the Labor Code, including, but not limited to, those enumerated exemptions contained in California Labor Code sections 515 and 515.5.

Exhibit B  Pg 36

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

28.     To the extent that Plaintiff makes allegations or claims which were not made the subject of a timely notice filed with the Labor and Workforce Development Agency alleging that Defendant violated specific provisions of the Labor Code, the Court lacks jurisdiction with respect to any such allegations or claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Standing)

29.     Plaintiff's claims under Business & Professions Code § 17200 fails, because Plaintiff was not subject to unlawful or unfair business practices and has no standing to bring this claim.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Intent of Depriving Wages)

30.     Defendant did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff any wages to which she was entitled.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

31.     Plaintiff has failed to mitigate her damages, if any, as required by law.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit B Pg 37

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Showing of Unfair Competition)

32.     Plaintiff's cause of action under California Business & Professions Code § 17200, *et seq.* is barred because Plaintiff cannot show an injury to competition and/or unfair business practice, as distinguished from an alleged injury to herself.

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees as determined by the Court; and

5.     For such other and further relief as the Court may deem just and proper.

DATED:  September 1, 2009          PAYNE & FEARS LLP


By: s/Sean a. O'Brien
                                              DANIEL F. FEARS
                                              SEAN A. O'BRIEN

                                        Attorneys for Defendant
                                        THE BOING COMPANY

4837-5224-3460.1

*Payne & Fears LLP*
*ATTORNEYS AT LAW*
*4 PARK PLAZA, SUITE 1100*
*IRVINE, CA 92614*
*(949) 851-1100*

Exhibit B Pg 38

-10-
ANSWER TO COMPLAINT

**PROOF OF SERVICE**

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

    On September 1, 2009, I served the following document(s) described as **ANSWER TO UNVERIFIED COMPLAINT** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

| | |
|---|---|
| Ronald W. Makarem, Esq. | Attorneys for Plaintiff |
| Marni B. Folinsky, Esq. | SUSAN L. NOVAK |
| Makarem & Associates, APLC | |
| 11601 Wilshire Boulevard, Suite 2440 | |
| Los Angeles, CA  90025 | |
| Tele[hone:  (310) 312-0299 | |
| Facsimile:  (310) 312-0296 | |

☒   **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐   **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☐   **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐   **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on September 1, 2009, at Irvine, California.

*JULIE GASTELUM*

4827-6126-6180.1

Exhibit B Pg 39

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT "C" TO NOTICE OF PETITION**

Sean A. O'Brien, Bar No. 133154
Sheela H. Shah, Bar No. 239982
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail:  sao@paynefears.com
              shs@paynefears.com

Attorneys for Defendant
THE BOING COMPANY

**ELECTRONICALLY FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

**Sep  01 2009**

ALAN CARLSON, Clerk of the Court
by M. DEMARIA

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE - CENTRAL DISTRICT

| | |
|---|---|
| SUSAN NOVAK, an individual and on behalf of all others similarly situated and the general public,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive.<br><br>        Defendant. | CASE NO. 30-2009-00180151<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>Judge:      Hon. Ronald L. Bauer<br>Department:   CX-103<br><br><br>**DEFENDANT'S PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6; DECLARATION OF SHEELA H. SHAH IN SUPPORT THEREOF** |

    Defendant The Boeing Company ("Boeing" or "Defendant") hereby moves the

Court for an Order disqualifying Judge Ronald L. Bauer from hearing the above-entitled action.


    This Motion is made pursuant to California Code of Civil Procedure Section 170.6

on the grounds that Defendant believes that Judge Bauer may be prejudiced against Defendant, or

prejudiced against the interests of Defendant, and that, therefore, a fair and impartial hearing

1  cannot be had in this matter.

2

3

4          This Motion is based on the matters contained herein, on the supporting

5  Declaration of Sheela H. Shah, attached hereto and filed herewith, and such oral and documentary

6  evidence as may be deemed relevant to the determination of the Motion.

7

8  DATED:  September  1, 2009              PAYNE & FEARS LLP

9

10                                      By:  s/Sean A. O'Brien
                                             DANIEL F. FEARS
11                                           SEAN A. O'BRIEN

12                                      Attorneys for Defendant
                                        THE BOING COMPANY
13  4826-9567-2068.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit C Pg 41

-2-

DEFENDANT'S PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6

## DECLARATION OF SHEELA H. SHAH

I, Sheela H. Shah, hereby declare and state as follows:

1.     I am an attorney at law licensed to practice before all courts of the state of California, and I am an associate in the law firm of Payne & Fears, attorneys of record for Defendant The Boeing Company ("Defendant"). I have personal knowledge of the matters set forth in this Declaration, and if called to testify, I would and could testify competently thereto.

2.     This Declaration is submitted in support of the Motion by Defendant for an Order disqualifying Judge Ronald L. Bauer from presiding over this action pursuant to Section 170.6.

3.     I have information which leads me to believe that Judge Ronald L. Bauer may be prejudiced against Defendant and/or its attorneys or the interests of Defendant. Therefore, I do not believe that Defendant could have fair and impartial proceedings before such Judge. Judge Ronald L. Bauer has not yet ruled on any contested issue of law or fact in this action.

4.     Accordingly, Defendant hereby requests that the Honorable Ronald L. Bauer be disqualified under Section 170.6 of the Code of Civil Procedure from presiding over this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed this 1st day of September, at Irvine, California.

SHEELA H. SHAH

Exhibit C Pg 42

-3-

DEFENDANT'S PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PROOF OF SERVICE**

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

On September 1, 2009, I served the following document(s) described as **DEFENDANT'S PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6; DECLARATION OF SHEELA H. SHAH IN SUPPORT THEREOF** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

Ronald W. Makarem, Esq.                   Attorneys for Plaintiff
Marni B. Folinsky, Esq.                   SUSAN L. NOVAK
Makarem & Associates, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, CA 90025
Tele[hone: (310) 312-0299
Facsimile: (310) 312-0296

[X]   **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

[ ]   **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

[ ]   **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

[ ]   **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 1, 2009, at Irvine, California.

*(signature)*

JULIE GASTELUM

4827-6126-6180.1

Exhibit C Pg 43

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1   Sean A. O'Brien, Bar No. 133154
    Sheela H. Shah, Bar No. 239982
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail:  sao@paynefears.com
             shs@paynefears.com
6

7   Attorneys for Defendant
    THE BOING COMPANY
8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF ORANGE - CENTRAL DISTRICT

11  SUSAN NOVAK, an individual and on behalf       CASE NO. 30-2009-00180151
    of all others similarly situated and the general
12  public,                                        ASSIGNED FOR ALL PURPOSES TO:
                                                    Judge:      Hon. Ronald L. Bauer
13               Plaintiff,                         Department:  CX-103

14        v.

15  THE BOEING COMPANY, a Delaware                  PROPOSED ORDER GRANTING
    Corporation and DOES 1 through 100,            PEREMPTORY CHALLENGE OF
16  inclusive.                                     HONORABLE RONALD L. BAUER

17               Defendant.

18

19

20

21

22

23

24

25

26

27

28

Exhibit D Pg 44

PROPOSED ORDER RE: 170.6 CHALLENGE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
Sep 01 2009
ALAN CARLSON, Clerk of the Court

1    After considering Defendant The Boeing' Company's peremptory challenge of the

2    Honorable Ronald L. Bauer under California Code of Civil Procedure section 170.6, and the

3    declaration of Sheela H. Shah, an attorney for Defendant, this Court hereby grants such challenge

4    and orders that the above-entitled case be reassigned to another Judge for further proceedings.

5

6    DATED:  September ___, 2009

7

8                                                    _____
                                                              JUDGE OF THE SUPERIOR COURT

9    4819-3329-2036.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit D Pg. 45

-2-
PROPOSED ORDER RE: 170.6 CHALLENGE

**PROOF OF SERVICE**

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

On September 1, 2009, I served the following document(s) described as **PROPOSED ORDER GRANTING PEREMPTORY CHALLENGE OF HONORABLE RONALD L. BAUER** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

Ronald W. Makarem, Esq.                        Attorneys for Plaintiff
Marni B. Folinsky, Esq.                        SUSAN L. NOVAK
Makarem & Associates, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, CA  90025
Tele[hone:  (310) 312-0299
Facsimile:  (310) 312-0296

☒  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☐  **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 1, 2009, at Irvine, California.

_Julie Gastelum_
JULIE GASTELUM

4827-6126-6180.1

Exhibit D Pg 46

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT "E" TO NOTICE OF PETITION**

~ es pd

1   Sean A. O'Brien, Bar No. 133154
    Sheela H. Shah, Bar No. 239982
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail: sao@paynefears.com
            shs@paynefears.com
6

7   Attorneys for Defendant
    THE BOING COMPANY
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF ORANGE - CENTRAL DISTRICT

11  SUSAN NOVAK, an individual and on behalf       CASE NO. 30-2009-00180151
    of all others similarly situated and the general
12  public,                                        ASSIGNED FOR ALL PURPOSES TO:
                                                    Judge:       Hon. Ronald L. Bauer
13                Plaintiff,                        Department:  CX-103

14       v.

15  THE BOEING COMPANY, a Delaware               **DEFENDANT'S AMENDED
    Corporation and DOES 1 through 100,         PEREMPTORY CHALLENGE OF
16  inclusive.                                  JUDGE PURSUANT TO C.C.P. § 170.6;**

17                Defendant.                      [Amended Declaration of Sheela H. Shah In
                                                 Support Defendant's Amended Peremptory
18                                               Challenge Filed Concurrently Herewith]

19

20

21

22

23              Defendant The Boeing Company ("Boeing" or "Defendant") hereby moves the

24  Court for an Order disqualifying Judge Ronald L. Bauer from hearing the above-entitled action.

25

26              This Motion is made pursuant to California Code of Civil Procedure Section 170.6

27  on the grounds that Defendant believes that Judge Bauer may be prejudiced against Defendant, or

28  prejudiced against the interests of Defendant, and that, therefore, a fair and impartial hearing

---

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
Sep 02 2009
ALAN CARLSON, Clerk of the Court

Exhibit E p. 47

DEFENDANT'S AMENDED PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6

1    cannot be had in this matter.

2

3

4           This Motion is based on the matters contained herein, on the supporting

5    Declaration of Sheela H. Shah, attached hereto and filed herewith, and such oral and documentary

6    evidence as may be deemed relevant to the determination of the Motion.

7

8    DATED:  September  2, 2009          PAYNE & FEARS LLP

9

10                                        By:  s/Sean A. O'Brien
                                               DANIEL F. FEARS
11                                             SEAN A. O'BRIEN

12                                        Attorneys for Defendant
                                          THE BOING COMPANY
13   4819-9489-8948.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                        Exhibit E Pg 48



PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-
DEFENDANT'S AMENDED PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. § 170.6

**EXHIBIT "F" TO NOTICE OF PETITION**

1  Sean A. O'Brien, Bar No. 133154
   Sheela H. Shah, Bar No. 239982
2  PAYNE & FEARS LLP
   Attorneys at Law
3  4 Park Plaza, Suite 1100
   Irvine, CA 92614
4  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
5  E-Mail:  sao@paynefears.com
            shs@paynefears.com
6
7  Attorneys for Defendant
   THE BOING COMPANY
8
9           SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             COUNTY OF ORANGE - CENTRAL DISTRICT
11  SUSAN NOVAK, an individual and on behalf     CASE NO. 30-2009-00180151
    of all others similarly situated and the general
12  public,                                       ASSIGNED FOR ALL PURPOSES TO:
                                                  Judge:      Hon. Ronald L. Bauer
13              Plaintiff,                         Department:  CX-103
14       v.
15  THE BOEING COMPANY, a Delaware               **AMENDED DECLARATION OF**
    Corporation and DOES 1 through 100,         **SHEELA H. SHAH IN SUPPORT OF**
16  inclusive.                                   **DEFENDANT'S AMENDED**
                                                 **PEREMPTORY CHALLENGE OF**
17              Defendant.                        **JUDGE (C.C.P. 170.6)**
18
19
20
21
22
23       Sheela H. Shah, declares that she is the attorney for The Boeing Company
24  ("Defendant"),  a party to the within action, and in support of Defendant's Amended Peremptory
25  Challenge of Judge, states as follows:
26
27       That Honorable Ronald L. Bauer, the judge to whom this case is assigned for all
28  purposes, is prejudiced against Defendant or Defendant's attorneys, or the interest of the

*Left margin vertical text:*
PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

RECEIVED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CIVIL COMPLEX CENTER
Sep 02 2009
ALAN CARLSON, Clerk of the Court

Exhibit F  Pg. 49

1   Defendant or Defendant's attorney, so that Defendant and/or Defendant's attorney (declarant)

2   cannot, or believe that they cannot, have a fair and impartial trial or hearing before such judge.

3

4        The aforementioned judge has not presided over a hearing, motion, or proceeding in

5   the past in this case.

6

7        I declare under penalty of perjury under the laws of the State of California on this

8   2nd day of September, 2009, that the foregoing is true and correct.

9

10  _____

               SHEELA H. SHAH

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

AMENDED DECLARATION OF SHEELA H. SHAH IN SUPPORT OF MOTION RE DISQUALIFICATION OF JUDGE

Exhibit E Pg 50

**EXHIBIT "G" TO NOTICE OF PETITION**

1   Sean A. O'Brien, Bar No. 133154
    Sheela H. Shah, Bar No. 239982
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail:  sao@paynefears.com
             shs@paynefears.com
6

7   Attorneys for Defendant
    THE BOING COMPANY
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF ORANGE - CENTRAL DISTRICT**

11  SUSAN NOVAK, an individual and on behalf    CASE NO. 30-2009-00180151
    of all others similarly situated and the general
12  public,                                     ASSIGNED FOR ALL PURPOSES TO:
                                                Judge:      Hon. Ronald L. Bauer
13              Plaintiff,                      Department:  CX-103

14        v.

15  THE BOEING COMPANY, a Delaware              **AMENDED PROPOSED ORDER**
    Corporation and DOES 1 through 100,         **GRANTING PEREMPTORY**
16  inclusive.                                  **CHALLENGE OF HONORABLE**
                                                **RONALD L. BAUER**
17              Defendant.

18

19

20

21

22

23

24

25

26

27

28

Exhibit 6  Pg 51

---

PROPOSED ORDER RE: 170.6 CHALLENGE

*(left margin, vertical text)* PAYNE & FEARS LLP / ATTORNEYS AT LAW / 4 PARK PLAZA, SUITE 1100 / IRVINE, CA 92614 / (949) 851-1100

*(left margin stamp)* ELECTRONICALLY RECEIVED / SUPERIOR COURT OF CALIFORNIA / COUNTY OF ORANGE / CIVIL COMPLEX CENTER / Sep 02 2009 / ALAN CARLSON, Clerk of the Court

1    After considering Defendant The Boeing' Company's amended peremptory challenge of

2    the Honorable Ronald L. Bauer under California Code of Civil Procedure section 170.6, and the

3    declaration of Sheela H. Shah, an attorney for Defendant, this Court hereby grants such challenge

4    and orders that the above-entitled case be reassigned to another Judge for further proceedings.

5

6    DATED:  September ___, 2009

7

8                                                          JUDGE OF THE SUPERIOR COURT

9    4828-7104-9732.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

Exhibit 6 Pg 52

-2-

PROPOSED ORDER RE: 170.6 CHALLENGE

EXHIBIT "H" TO NOTICE OF PETITION

1   Sean A. O'Brien, Bar No. 133154
    Sheela H. Shah, Bar No. 239982
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail:  sao@paynefears.com
             shs@paynefears.com
6
7   Attorneys for Defendant
    THE BOING COMPANY
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10               COUNTY OF ORANGE - CENTRAL DISTRICT
11   SUSAN NOVAK, an individual and on behalf    CASE NO. 30-2009-00180151
     of all others similarly situated and the general
12   public,                                     ASSIGNED FOR ALL PURPOSES TO:
                                                  Judge:       Hon. Ronald L. Bauer
13                  Plaintiff,                    Department:  CX-103
14         v.
15   THE BOEING COMPANY, a Delaware              **DEFENDANT'S SECOND AMENDED
     Corporation and DOES 1 through 100,         PEREMPTORY CHALLENGE OF
16   inclusive.                                  JUDGE PURSUANT TO C.C.P. § 170.6;**
17                  Defendant.
                                                 [Amended Declaration of Sheela H. Shah In
18                                               Support Defendant's Amended Peremptory
                                                 Challenge Filed Concurrently Herewith]
19
20
21
22
23         Defendant The Boeing Company ("Boeing" or "Defendant") hereby moves the
24   Court for an Order disqualifying Judge Ronald L. Bauer from hearing the above-entitled action.
25
26         This Motion is made pursuant to California Code of Civil Procedure Section 170.6
27   on the grounds that Defendant and/or Defendant's attorneys believe that Honorable Ronald L.
28

Exhibit H Pg. 53

DEFENDANT'S SECOND AMENDED PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. §
170.6

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1    Bauer, the judge to whom this case is assigned for all purposes, is prejudiced against Defendant or

2    Defendant's attorneys, or the interest of the Defendant or Defendant's attorneys, so that Defendant

3    and/or Defendant's attorneys cannot, or believe that they cannot, have a fair and impartial trial or

4    hearing before such judge.  [See Declaration of Sheela H. Shah filed concurrently herewith].

5

6          The aforementioned judge has not presided over a hearing, motion, or proceeding

7    in the past in this case.  [See Declaration of Sheela H. Shah].

8

9

10         This Motion is based on the matters contained herein, on the supporting Second

11   Amended Declaration of Sheela H. Shah, filed concurrently herewith, and such oral and

12   documentary evidence as may be deemed relevant to the determination of the Motion.

13

14   DATED:  September  3, 2009          PAYNE & FEARS LLP

15

16                                       By:  s/Sean A. O'Brien                          ʻ
                                                DANIEL F. FEARS
17                                              SEAN A. O'BRIEN

18                                       Attorneys for Defendant
                                         THE BOING COMPANY
19
     4851-1166-0292.1
20

21

22

23

24

25

26

27                                                               Exhibit H Pg 54

28
     _____
                                       -2-
     DEFENDANT'S SECOND AMENDED PEREMPTORY CHALLENGE OF JUDGE PURSUANT TO C.C.P. §
                                      170.6

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## PROOF OF SERVICE

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

    On September 3, 2009, I served the following document(s) described as **DEFENDANT'S SECOND AMENDED PEREMPTORY CHALLENGE OF JUDGE P URSUANT TO C.C.P. § 170.6** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

Ronald W. Makarem, Esq.                Attorneys for Plaintiff
Marni B. Folinsky, Esq.                 SUSAN L. NOVAK
Makarem & Associates, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, CA  90025
Tele[hone:  (310) 312-0299
Facsimile:  (310) 312-0296

☒  **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐  **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet.  Said transmission was reported complete and without error.

☐  **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐  **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2009, at Irvine, California.

*(signature)*
JULIE GASTELUM

Exhibit H Pg 55

---

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**EXHIBIT "I" TO NOTICE OF PETITION**

1   Sean A. O'Brien, Bar No. 133154
    Sheela H. Shah, Bar No. 239982
2   PAYNE & FEARS LLP
    Attorneys at Law
3   4 Park Plaza, Suite 1100
    Irvine, CA 92614
4   Telephone: (949) 851-1100
    Facsimile: (949) 851-1212
5   E-Mail:  sao@paynefears.com
             shs@paynefears.com
6

7   Attorneys for Defendant
    THE BOING COMPANY
8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF ORANGE - CENTRAL DISTRICT**

11  | SUSAN NOVAK, an individual and on behalf | CASE NO. 30-2009-00180151 |
    | of all others similarly situated and the general | |
12  | public, | ASSIGNED FOR ALL PURPOSES TO: |
    | | Judge:      Hon. Ronald L. Bauer |
13  | Plaintiff, | Department:  CX-103 |
14  | v. | |
15  | THE BOEING COMPANY, a Delaware | **SECOND AMENDED DECLARATION** |
    | Corporation and DOES 1 through 100, | **OF SHEELA H. SHAH IN SUPPORT OF** |
16  | inclusive. | **DEFENDANT'S AMENDED** |
    | | **PEREMPTORY CHALLENGE OF** |
17  | Defendant. | **JUDGE (C.C.P. 170.6)** |
18

19

20

21

22

23          Sheela H. Shah, declares that she is the attorney for The Boeing Company

    ("Defendant"),  a party to the within action, and in support of Defendant's Second Amended
24
    Peremptory Challenge of Judge, states as follows:
25

26
            That Honorable Ronald L. Bauer, the judge to whom this case is assigned for all
27
    purposes, is prejudiced against Defendant or Defendant's attorneys, or the interest of the
28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

1  Defendant or Defendant's attorney, so that Defendant and/or Defendant's attorney (declarant)

2  cannot, or believe that they cannot, have a fair and impartial trial or hearing before such judge.

3

4          The aforementioned judge has not presided over a hearing, motion, or proceeding in

5  the past in this case.

6

7          I declare under penalty of perjury under the laws of the State of California on this

8  _3ʳᵈ_ day of September, 2009,  that the foregoing is true and correct.

9

10                                                SHEELA H. SHAH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        Exhibit I Pg 57

28

-2-

SECOND AMENDED DECLARATION OF SHEELA H. SHAH IN SUPPORT OF MOTION RE
DISQUALIFICATION OF JUDGE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

**PROOF OF SERVICE**

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

On September 3, 2009, I served the following document(s) described as **SECOND AMENDED DECLARATION OF SHEELA H. SHAH IN SUPPORT OF DEFENDANT'S AMENDED PEREMPTORY CHALLENGE OF JUDGE (C.C.P. 170.6)** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

Ronald W. Makarem, Esq.                     Attorneys for Plaintiff
Marni B. Folinsky, Esq.                       SUSAN L. NOVAK
Makarem & Associates, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, CA  90025
Tele[hone:  (310) 312-0299
Facsimile:  (310) 312-0296

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2009, at Irvine, California.

JULIE GASTELUM

Exhibit I Pg 58

**EXHIBIT "J" TO NOTICE OF PETITION**

1  Sean A. O'Brien, Bar No. 133154
   Sheela H. Shah, Bar No. 239982
2  PAYNE & FEARS LLP
   Attorneys at Law
3  4 Park Plaza, Suite 1100
   Irvine, CA 92614
4  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
5  E-Mail:  sao@paynefears.com
            shs@paynefears.com
6
7  Attorneys for Defendant
   THE BOING COMPANY
8
9         SUPERIOR COURT OF THE STATE OF CALIFORNIA
10          COUNTY OF ORANGE - CENTRAL DISTRICT
11  SUSAN NOVAK, an individual and on behalf      CASE NO. 30-2009-00180151
    of all others similarly situated and the general
12  public,                                        ASSIGNED FOR ALL PURPOSES TO:
                                                   Judge:      Hon. Ronald L. Bauer
13              Plaintiff,                          Department:  CX-103
14        v.
15  THE BOEING COMPANY, a Delaware                 **SECOND AMENDED PROPOSED**
    Corporation and DOES 1 through 100,            **ORDER GRANTING PEREMPTORY**
16  inclusive.                                     **CHALLENGE OF HONORABLE**
                                                   **RONALD L. BAUER**
17              Defendant.
18
19
20
21
22
23
24
25
26
27
28
                                                           Exhibit J Pg 59

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

SECOND AMENDED PROPOSED ORDER RE: 170.6 CHALLENGE

1       After considering Defendant The Boeing' Company's Second Amended Peremptory

2   Challenge of the Honorable Ronald L. Bauer under California Code of Civil Procedure section

3   170.6, and the Second Amended Declaration of Sheela H. Shah, an attorney for Defendant, this

4   Court hereby grants such challenge and orders that the above-entitled case be reassigned to

5   another Judge for further proceedings.

6

7   DATED:  September ___, 2009

8

9                             JUDGE OF THE SUPERIOR COURT

10  4815-0501-7604.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

-2-

SECOND PROPOSED ORDER RE: 170.6 CHALLENGE

Exhibit J Pg 60

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA SUITE 1100
IRVINE, CA 92614
(949) 851-1100

## PROOF OF SERVICE

*Susan L. Novak vs. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, California 92614.

On September 3, 2009, I served the following document(s) described as **SECOND AMENDED PROPOSED ORDER GRANTING PEREMPTORY CHALLENGE OF HONORABLE RONALD L. BAUER** on interested parties in this action by placing the original thereof enclosed in sealed envelopes as follows:

| | |
|---|---|
| Ronald W. Makarem, Esq. | Attorneys for Plaintiff |
| Marni B. Folinsky, Esq. | SUSAN L. NOVAK |
| Makarem & Associates, APLC | |
| 11601 Wilshire Boulevard, Suite 2440 | |
| Los Angeles, CA 90025 | |
| Tele[hone: (310) 312-0299 | |
| Facsimile: (310) 312-0296 | |

☒ **(By U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2009, at Irvine, California.

JULIE GASTELUM

Exhibit J Pg 61

## PROOF OF SERVICE

*Susan Novak v. The Boeing Company*

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On September 3, 2009, I served the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1367, 1441, 1446 and 1453** on interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Ronald W. Makarem, Esq.                 Attorneys for Plaintiff
Marni B. Folinsky, Esq.                     SUSAN L. NOVAK
Makarem & Associates, APLC
11601 Wilshire Boulevard, Suite 2440
Los Angeles, CA 90025
Tele[hone: (310) 312-0299
Facsimile: (310) 312-0296

☒ **(BY U.S. Mail)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Irvine, California.

☐ **(By Personal Service)** I delivered by hand on the interested parties in this action by placing the above mentioned document(s) thereof in envelope addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By Facsimile)** I served a true and correct copy by facsimile pursuant to C.C.P. 1013(e), calling for agreement and written confirmation of that agreement or court order, to the number(s) listed above or on attached sheet. Said transmission was reported complete and without error.

☐ **(By Overnight Courier)** I served the above referenced document(s) enclosed in a sealed package, for collection and for delivery marked for next day delivery in the ordinary course of business, addressed to the office of the addressee(s) listed above or on attached sheet.

☐ **(By E-Mail)** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 3, 2009, at Irvine, California.

JULIE A. CASTELUM

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1011 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| SUSAN NOVAK, an individual and on behalf of all others similarly situated and the general public | THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Ronald W. Makarem, Esq.<br>Marni B. Folinsky, Esq.<br>Makarem & Associates, APLC<br>11601 Wilshire Boulevard, Ste. 2440<br>Los Angeles, CA 90025<br>Tel:  (310) 312-0299 | Daniel F. Fears, Esq.<br>Sean A. O'Brien, Esq.<br>Payne & Fears<br>4 Park Plaza, Suite 1100<br>Irvine, CA 92614<br>Tel: (949) 851-1100 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** Unspecified

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

EMPLOYMENT WAGE AND HOUR CLASS ACTION CASE REMOVED ON GROUNDS OF DIVERSITY, 28 USC SECTION 1332, 1367, 1441, 1453, 1446. THE PARTIES SATISFY DIVERSITY REMOVAL JURISDICTION AS NAMED PLAINTIFF IS COMPLETELY DIVERSE AND ALLEGED AMOUNTS IN CONTROVERSY OVER $75,000, AND THE COMPLAINT ALSO SATISFIES REQUIREMENTS OF REMOVNAL UNDER THE CAFA 28 USC SECTION 1332 (d)

**VII.  NATURE OF SUIT (Place an X in one box only.)**

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS - Third Party 26 USC 7609 |

**SACV09 -1011 CJC (ANx)**

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|
| | | CCD-JS44 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).   **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s):

VIII(b).   **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois and Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _____   Date _September 3, 2009_

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |