PAYNE & FEARS LLP
Attorneys at Law
Daniel F. Fears, Bar No. 110573
E-Mail: dff@paynefears.com
Sean A. O'Brien, Bar No. 133154
E-Mail: sao@paynefears.com
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant
THE BOEING COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NOVAK, an individual and on behalf of all others similarly situated and the general public,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive.<br><br>　　　　Defendants. | CASE NO. SACV09-1011 CJC(ANx)<br><br>**JOINT STIPULATION GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS; [PROPOSED] ORDER** |

**WHEREAS**, in the course of this action, disclosure may be sought or made of information which the parties or a third-party regard as being confidential, private, a trade secret, or proprietary in nature; and

**WHEREAS**, the parties desire to establish a mechanism to protect and regulate the disclosure and use of such confidential, private, trade secret, or proprietary information in this action.

**IT IS HEREBY STIPULATED** by and between Plaintiffs SUSAN NOVAK, on behalf of herself and all putative class members she purports to represent ("Plaintiff"), and Defendant THE BOEING COMPANY ("Defendant"), by and through their attorneys of record, that the following should govern the disclosure of confidential, private, trade secret, and proprietary information in this action during the course of discovery, and respectfully jointly request the Court to enter this Proposed Order Governing the Designation and Handling of Confidential Materials (the "Order").

## I.   DEFINITONS

For purposes of this Stipulation, the following definitions shall apply:

a.   "Party" means every party to this action, as well as any third-party, and every director, officer, current or former employee and agent of every party or third-party.

b.   "CONFIDENTIAL" is a designation that any Party may apply to information which it believes in good faith to constitute,

1  contain, reveal or reflect private, confidential or privileged
2  information protected by applicable California and/or federal
3  law, such as employee medical records, compensation, salary,
4  personnel records, personal contact information, trade secrets,
5  and other confidential research, development, commercial or
6  personal information relating to its business or which was
7  disclosed to it in confidence by any third-party, the disclosure
8  of which to the general public or the adverse party could
9  adversely prejudice that Party.
10 c.   "Confidential Information" means any information which is
11 properly designated "CONFIDENTIAL" as described above.
12 d.   Exceptions to confidentiality status.  Information will not
13 be deemed "CONFIDENTIAL," and the Parties shall use reasonable
14 efforts to ensure that information is not designated as such, if
15 the content or substance thereof:
16    1.   Is at the time of disclosure, or subsequently becomes
17 through no wrongful act or failure to act on the part of the
18 receiving Party, generally available to the relevant public; or
19    2.   Is disclosed to the receiving Party by a third-party
20 without breach of an obligation of confidence.
21 e.   "Designating Party" means any Party disclosing during this
22 action information which is designated "CONFIDENTIAL" by said
23 Party.
24 f.   "Counsel of Record" includes the following law firms and any
25 law firms retained by a third-party in connection with disclosure
26 of Confidential Information hereunder, including all attorneys,
27 paralegals, professionals, clerks, and secretaries employed by
28 such law firms:

1. PAYNE & FEARS LLP
2. MAKAREM & ASSOCIATES APLC

## II. TERMS OF STIPULATION GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS

**1.   Materials Subject to Designation.**  All originals or copies, of transcripts of depositions (regardless of medium of transcription), exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things and information obtained through discovery by inspection of files or facilities, production of documents and things, or otherwise obtained pursuant to this action, may be designated by the Party producing, providing, or disclosing these materials in conformity with the definitions set forth above.

**2.   Manner of Designating Confidential Information.**

(a) A Party shall designate documents containing Confidential Information by placing a legend on each page of any document that the Party wishes to protect against disclosure or use, or in the case of computer disks or tape, on the cover or container of the disk or tape.  This legend shall state "CONFIDENTIAL" and documents so designated shall be treated according to their designation, as set forth in Paragraph 3 below.  A designation of Confidential Information as to anything for which inspection or sampling is allowed shall be made by placing a "CONFIDENTIAL" legend on the thing or container within which it is stored, or by some other means of designation agreed upon by the Parties.  With the exception of Section 2(b) immediately below, all documents and things shall be marked prior

1 to the provision of physical copies of these documents and things
2 to counsel for the receiving Party.
3   (b)  A Party may, within ten (10) days after this
4 Stipulation is fully executed, designate as "CONFIDENTIAL" any
5 previously produced documents in discovery within the last sixty
6 (60)(days) that contains information listed in definition of
7 "CONFIDENTIAL" herein, and will provide written notice of such
8 designations to every other Party.
9 **3.** **<u>Treatment of Confidential Information</u>.**
10   a. <u>"CONFIDENTIAL" Designation</u>.  Information designated as
11 "CONFIDENTIAL," and all information derived from the information
12 so designated (excluding such information as is derived lawfully
13 from an independent source without reference to or reliance on
14 the designated information) shall not be disclosed, given, shown,
15 made available or communicated in any way to any person or entity
16 other than: Counsel of Record; Plaintiffs and Defendants; the
17 Designating Party as per Paragraph 12 below; authors and
18 recipients, as per Paragraph 13 below; deponents and designated
19 persons testifying during the course of depositions taken in the
20 action as provided by Paragraph 8 below; the persons to whom
21 disclosure is permitted under the terms of Paragraphs 4, 5 and 9
22 below; and the officers, directors, attorneys, and managers of
23 the Parties who are working directly on this litigation, to whom
24 it is necessary that the information be disclosed for the
25 purposes of this litigation, and who have executed the
26 Confidentiality Agreement in the form attached to this
27 Stipulation as Exhibit "A."  Information designated as
28 "CONFIDENTIAL" and all information derived from the information

so designated (excluding such information as is derived lawfully from an independent source without reference to or reliance on the designated information) shall be used only for the purposes of this litigation and shall not be used for any other purpose whatsoever.

**4.** **Outside Experts and Retained Consultants.** Information designated as "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical personnel, who have been retained by a Party in connection with preparation for trial or for trial in this action.

**5.** **Request for Additional Disclosure.** If any Counsel of Record desires to give, show, make available or communicate to any person apart from those permitted under Paragraphs 3 and 4 above any information designated as "CONFIDENTIAL" that counsel shall first obtain the written consent of the Designating Party through such Party's Counsel of Record or, if written consent is withheld, a court order authorizing such disclosure. Each person to whom the Confidential Information is to be given, shown, made available or communicated pursuant to this paragraph must first execute a written Confidentiality Agreement, in the form attached to this Order as Exhibit "A," a copy of which shall be sent to the Designating Party prior to any disclosure. Only after all of the foregoing conditions have been fully satisfied may the Confidential Information be given, shown, made available or communicated to any person other than those permitted under Paragraphs 3 and 4 above. Nothing contained herein shall be construed to restrict or limit the rights of the Parties in

1 another action to conduct discovery or the subpoena power of
2 another court.
3 **6.    Record of Disclosure.**  Any Counsel of Record making any
4 disclosure to any person required to sign a Confidentiality
5 Agreement under the terms of this Stipulation shall retain the
6 original of the Confidentiality Agreement signed by such person.
7 **7.    Maintenance of Designated Information.**  Counsel of Record
8 who have received Confidential Information that is provided
9 pursuant to this Stipulation shall maintain such Confidential
10 Information in a secure and safe area and shall exercise due and
11 proper care with respect to the storage, custody and use of all
12 Confidential Information, so as to prevent the unauthorized or
13 inadvertent disclosure of any of it.
14 **8.    Manner of Designating Confidential Information At**
15 **Depositions.**  Should Counsel of Record for any party introduce or
16 use any Confidential Information in a deposition, or believe that
17 any question to a witness at deposition upon oral examination
18 will disclose Confidential Information, or that answers to any
19 question will require such disclosure, or if documents designated
20 as containing Confidential Information will be used as exhibits
21 during examination, Counsel of Record introducing or using such
22 Confidential Information shall have a duty to identify on the
23 record that he or she is asking questions concerning designated
24 Confidential Information or is utilizing documents containing
25 Confidential Information, and any related testimony shall be
26 equally subject to this Stipulation Governing the Designation and
27 Handling of Confidential Materials, and subject to disclosure
28 only under the terms and provisions set forth in this

Stipulation. Unless otherwise ordered by this Court, the Designating Party or the receiving Party shall have the right to have all persons, except the person testifying in the deposition and his or her counsel, Counsel of Record for the Parties, the court reporter, and such other persons as are permitted under the terms of this Order Stipulation to have access to Confidential Information, excluded from a deposition during the taking of the testimony designated pursuant to this Order.

9. **Court Reporters.**  Any court reporter shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties.

10. **Boeing Employees' Confidential Private Personnel and Employment Records.**  Any Boeing employee whose own personnel or employment records are produced (either voluntarily or through the employee's authorization) or ordered produced by the Court, in discovery in this litigation, can be shown a copy of their own personnel or employment records designated as "CONFIDENTIAL" that relates solely to themselves (but not other Boeing employees) without having to sign the Confidentiality Agreement. This provision is not to be construed as an acknowledgement or concession by Boeing that any certain individual employee or group of its employees constitute an actual or putative class in this litigation or is "similarly situated" to the named Plaintiff, and further, does not waive Boeing's right to challenge or object to the discovery of such information in the first instance on any legitimate grounds or bases, including, but not limited to, relevancy, not likely to lead to the discovery of

admissible evidence, overbroad or burdensome, or violations of privacy rights.

**11. Filing Documents with the Court.** All information designated as "CONFIDENTIAL" that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing such "CONFIDENTIAL" materials, shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers which the filing Party shall have marked with an appropriate legend such as "Contains Confidential Information Or Materials Subject To Protective Order - Filed Under Seal," and a statement in substantially the following form:

> "This envelope contains documents or things subject to the Protective Order in this action. It is not to be opened nor the contents displayed, revealed, or made public, except by the written order of the Court."

If anything filed with the Court contains information designated as "CONFIDENTIAL," then the entire document, deposition transcript, information or thing shall be filed under seal. The Parties agree to endeavor to minimize the number of documents filed with the Court under seal.

Subject to the provisions contained herein that no Party shall use any information designated as "CONFIDENTIAL" for purposes other than this ACTION, the terms of this stipulation shall not otherwise restrict any Party's use of any information designated as "CONFIDENTIAL" at trial. The use of information designated as "CONFIDENTIAL" at trial shall be subject to and governed by all appropriate objections by the parties and/or orders entered by the Court regarding such use. Nothing herein

1 shall prejudice the Parties' rights to seek such orders in
2 advance of and/or during trial.
3     All information designated as "CONFIDENTIAL" submitted to
4 the Court for consideration in relation to a motion shall be
5 lodged under seal, in compliance with the Federal Rules of Civil
6 Procedure and the Local Rules.  Concurrent with the lodging of
7 such documents under seal, the Party so lodging shall also lodge
8 a proposed order, and file a memorandum of law in support of such
9 order, granting the lodging Party the right to file the documents
10 under seal.
11 **12.  No Effects on Party's Own Use.**  Nothing contained in this
12 Stipulation shall affect any right of a Party to disclose or use
13 any information designated and produced by it as "CONFIDENTIAL"
14 or the right of any party to show such information to officers,
15 directors, employees, agents, partners, or attorneys of the
16 Designating Party.
17 **13.  No Effect on Disclosure to Author or Addressees.**  Nothing
18 contained in this Stipulation shall prevent, limit or otherwise
19 restrict any Party from disclosing any information designated
20 "CONFIDENTIAL" to any author or prior recipient of a document
21 containing the information.
22 **14.  Legal Effect of Confidentiality Designations.**  Neither the
23 designation by a Party of any document, material or information
24 as "CONFIDENTIAL" nor treatment by a Party of any such document,
25 material or information in conformity with such designation shall
26 constitute or be construed in any way as an admission or
27 agreement by any non-Designating Party that the designated
28

1  disclosure constitutes or contains any private, trade secret,
2  propriety information or Confidential Information.
3  **15.   Final Disposition of Action.**  Upon the final disposition of
4  this action, each Counsel of Record shall upon request: (a)
5  promptly return to Counsel of Record for the Designating Party,
6  at the expense of Designating Party all documents and things
7  designated "CONFIDENTIAL" and all copies made of such documents
8  and things, including all electronic copies of documents stored
9  on databases maintained for discovery purposes; and (b) promptly
10 destroy or see to the destruction of all writings related to
11 Confidential Information, including but not limited to notes,
12 analyses, memoranda or reports provided to or by any other
13 persons, and certify to the Designating Party that such
14 destruction has been done.  As an exception to the above, Counsel
15 of Record may retain a single file copy of any document filed
16 with the Court, any written discovery response, a transcript of
17 any deposition testimony, together with all exhibits to that
18 transcript, and a database containing electronic copies of
19 documents designated "CONFIDENTIAL."  The copy of these retained
20 documents shall continue to be treated as "CONFIDENTIAL" and
21 Counsel of Record shall immediately notify opposing Counsel of
22 Record of any attempt by third parties to inspect or copy said
23 documents.
24 **16.   Motion for Relief from Designation.**  If, at any time, after
25 a Party receives information designated "CONFIDENTIAL" by another
26 Party, it appears to the receiving Party that any such
27 information is not entitled to the "CONFIDENTIAL" designation,
28 such receiving Party shall first notify Counsel of Record for the

1  Designating Party in writing, providing its reasons for
2  challenging the designation. A receiving Party may make such
3  objection at any time during this litigation.  If, after five (5)
4  calendar days after such notice is given, the Parties have been
5  unable to reach an agreement as to whether the information should
6  be treated as "CONFIDENTIAL," the Designating Party will have to
7  notify the receiving Party as to whether the Designating Party
8  intends to bring a motion with the Court, pursuant to the
9  procedures set forth in Local Rule 37, to have the Court
10 determine whether such designated information is entitled to an
11 appropriate protective order that would limit the use or manner
12 of dissemination of the information designated as "CONFIDENTIAL."
13 The Designating Party will then have seven (7) calendar days to
14 provide the receiving party with its portion of the joint
15 stipulation required by Local Rule 37-2.2   The Designating Party
16 shall bear the burden of proving that any designated material
17 contains information entitled to the CONFIDENTIAL" designation
18 under the provisions of this Stipulation.  Until such motion has
19 been decided, the information shall be treated as designated.  If
20 the Designating Party does not file a motion after two (2) court
21 days after the Receiving Party has presented the Designating
22 Party with its portion of the Joint Stipulation required under
23 Local Rule 37-.2.2, the information at issue shall no longer be
24 protected by this Stipulation or any subsequently entered Order
25 thereon.
26 **17.  <u>Survival of Terms</u>.**  Absent written modification by the
27 Parties or further order of the Court, the provisions of this
28 Stipulation that restrict the disclosure and use of Confidential

1  Information shall survive the final disposition of this action
2  and continue to be binding on all persons subject to the terms of
3  this Stipulation.  However, no modification by the Parties shall
4  have the force or effect of a Court Order unless the Court
5  approves the modification.
6  **18.  Effect on Discovery.**  This Order shall not preclude or limit
7  the right of any Party to object to or resist discovery on any
8  ground which would otherwise be available.
9  **19.  Order Binding When Signed.**  This Stipulation shall be
10 binding on the Parties when signed regardless of whether or when
11 the Court enters an Order thereon.
12 **20.  Violation of Stipulation/Court Order.**  In the event anyone
13 shall violate or threaten to violate any term of this Stipulation
14 or subsequent Court Order entered thereon, the Parties agree that
15 the aggrieved Party may immediately apply to the Court in this
16 action to seek relief against any such person violating or
17 threatening to violate any of the terms of this Stipulation or
18 any subsequent court Order entered thereon.  The Parties and any
19 other person subject to the terms of this Stipulation agree that
20 this Court has jurisdiction of such person or Party, for the
21 purpose of enforcing this Stipulation.

1    IT IS SO STIPULATED AND AGREED.

2  DATED:  December 15, 2010          PAYNE & FEARS LLP

3

4

                                      By: /s/Daniel F. Fears
5                                          DANIEL F. FEARS
                                           SEAN O'BRIEN
6
                                      Attorneys for Defendant
7                                     THE BOEING COMPANY

8
   DATED:  December 15, 2010          MAKAREM & ASSOCIATES APLC
9

10

                                      By: /s/Marnie B. Folinsky
11                                         RONALD W. MAKAREM
                                           MARNI B. FOLINSKY
12
                                      Attorneys for Plaintiff
13                                    SUSAN NOVAK

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

**ACKNOWLEDGMENT OF RECEIPT OF ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS AND AGREEMENT TO BE BOUND THEREBY**

I hereby acknowledge receipt of and that I have read a copy of the Stipulation Governing the Designation and Handling of Confidential Materials (the "Order"), which I understand was made on _____, 2010, in the action entitled *Susan Novak v. The Boeing Company*, United States District Court for the Central District of California, Case No. SACV09-1011 CJC(ANx). I agree that I will be bound by the provisions of the Stipulation and nay subsequently entered Court Order thereon with respect to any Confidential Information provided to me under the terms thereof. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order. I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Stipulation and/or subsequent court Order.

Executed this ___ day of _____, 201_ at _____, California.

_____
[Name]

# O R D E R

**IT IS ORDERED THAT** the terms governing the designation and handling of confidential materials as described herein above shall be entered as the Order of the Court, and shall be binding upon the parties and signatories to Exhibit "A."

DATED: December 20, 2010

THE HONORABLE RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE