# EXHIBIT A

COPY

**MAKAREM & ASSOCIATES, APLC**
Ronald W. Makarem, Esq. (SB #180442)
Marni B. Folinsky, Esq. (SB #209880)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Plaintiff, Susan Novak

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JUL 27 2009**

ALAN CARLSON, Clerk of the Court

BY:   R. VAVRA   DEPUTY

### SUPERIOR COURT OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

JUDGE RONALD L. BAUER
DEPT. CX103

30-2009

| | |
|---|---|
| SUSAN NOVAK, individually and on behalf of all others similarly situated and the general public,<br><br>      Plaintiff,<br><br>   vs.<br><br>THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive.<br><br>      Defendants. | CASE NO.   00180151<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **FAILURE TO PAY OVERTIME WAGES**<br><br>2. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**<br><br>3. **FAILURE TO PAY ALL WAGES EARNED**<br><br>4. **FAILURE TO PAY ALL WAGES EARNED UPON TERMINATION OR DISCHARGE**<br><br>5. **UNFAIR BUSINESS COMPETITION IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SUSAN NOVAK (who hereinafter shall be referred to as the "Plaintiff" or as "NOVAK"), individually and on behalf of all similarly situated individuals, hereby alleges, avers, and complains, as follows:

Makarem & Associates APLC

- 1 -
CLASS ACTION COMPLAINT

THIS CASE IS SUBJECT TO
MANDATORY ELECTRONIC FILING
PURSUANT TO RULE 308 OF THE LOCAL RULES
OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

Exhibit A, Page 16

## INTRODUCTION

1.      This is a class action brought on behalf of Plaintiff, SUSAN NOVAK, individually, and all other individuals similarly situated who were employed by THE BOEING COMPANY ("BOEING") and Does 1 through 100, (collectively "Defendants") in the Engineering, Operations & Technology Division (hereinafter "E O & T") as non-exempt employees in California.

2.      Plaintiff and all other similarly situated individuals were employed by BOEING (collectively, the "Class" or "Class Members") during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), and were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to non-exempt employees in the State of California.

3.      Plaintiff alleges that Defendant (1) failed to pay Plaintiff and Class Members all overtime wages for hours worked in excess of 8 hours a day or 40 hours a week; (2) failed to provide accurate wage statements after each pay period; (3) failed to pay all wages earned each pay period on the regular payday in violation of Labor Code § 204; (4) failed to pay all earned wages after their employment ended in violation of Labor Code §§ 201 or 202; (5) violated California's Unfair Business Practices Act, California Business & Professions Code §§ 17200, *et seq.*

4.      Plaintiff and Class Members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay proper compensation.

5.      This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10. The action is brought pursuant to Code of Civil Procedure § 382, Civil Code §§ 1781 et seq. Plaintiff brings this action on his own behalf, and on behalf of all persons within the Class as hereinafter defined.

6.      Venue is proper in Orange County pursuant to Code of Civil Procedure §395(a) and §395.5 in that many of the wrongful acts complained of occurred in this

Makarem & Associates APLC                    - 2 -
CLASS ACTION COMPLAINT

1   County and Defendants are found, maintain offices, and/or transact business in Orange

2   County.

3        7.      During the period beginning one year preceding the filing of the original

4   complaint in this action, Defendants violated Labor Code Sections 201, 202, 204, 226(a),

5   510. Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

6   himself and other current or former employees, to bring a civil action to recover civil

7   penalties pursuant to Labor Code Section 2699. At this time, Plaintiff, on behalf of herself

8   and all others similarly situated, is not asserting any claim for civil penalties pursuant to

9   California Labor Code § 2699. Plaintiff, on behalf of herself and all others similarly

10  situated, do, however, reserve the right to amend the complaint, or any other subsequently

11  filed pleading to assert claims for civil penalties under the Private Attorney General Act of

12  1994.

13                                      **THE PARTIES**

14       8.      Plaintiff SUSAN NOVAK is an individual and resident of Orange County.

15       9.      Defendant THE BOEING COMPANY is a Delaware corporation. Defendant

16  owns and operates locations throughout the state of California, including Orange County.

17       10.     The true names and capacities of defendants Does 1 through 100, inclusive,

18  and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious

19  names. Plaintiff is informed and believes and thereon alleges that each of the defendants

20  fictitiously named herein is legally responsible in some actionable manner for the events

21  described herein, and thereby proximately caused the damage to Plaintiff and the

22  members of the Class. Plaintiff will seek leave of Court to amend this Complaint to state

23  the true name(s) and capacities of such fictitiously named defendants when the same have

24  been ascertained.

25       11.     Plaintiff is informed and believes and thereon allege that at all times

26  relevant herein, each defendant aided and abetted, and acted in concert with and/or

27  conspired with each and every other defendant to commit the acts complained of herein

28

Makarem & Associates APLC              - 3 -
                              CLASS ACTION COMPLAINT

1   and to engage in a course of conduct and the business practices complained of herein

2     12. Defendants, including Does 1 through 100, inclusive, are now, and/or at all

3   times mentioned in this Complaint were the affiliates of some or all other Defendants, and

4   vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or

5   indirectly controlling, controlled by or under common control with such other Defendants.

6     13. Defendants, including Does 1 through 100, inclusive, are now, and/or at all

7   times mentioned in this Complaint were the agents, servants and/or employees of some or

8   all other Defendants, and vice-versa, and in doing the things alleged in this Complaint,

9   Defendants are now and/or at all times mentioned in this Complaint were acting within

10  the course and scope of that agency, servitude and/or employment,

11    14. Defendants, including Does 1 through 100, inclusive, are now, and/or at all

12  times mentioned in this Complaint were members of, and/or engaged in, a joint venture,

13  partnership and common enterprise, and acting within the course and scope of, and in

14  pursuance of said joint venture, partnership and common enterprise.

15    15. Defendants, including Does 1 through 100, inclusive, at all times mentioned

16  in this Complaint approved of, condoned and/or otherwise ratified each and every one of

17  the acts and/or omissions alleged in this Complaint.

18         **FACTUAL ALLEGATIONS**

19    16. Defendant BOEING, according to its website, is the world's leading

20  aerospace company and the largest combined manufacturer of commercial jetliners and

21  military aircraft.

22    17. Plaintiff works for BOEING as programmer analyst, a non-exempt employee

23  in the E O & T Division. Plaintiff has worked for Boeing since approximately 2001 and is

24  still currently employed with BOEING.

25    18. Plaintiff and other similarly situated as Plaintiff, primarily engaged in duties

26  that are not exempt from the wage and hour orders.

27    19. At all times relevant herein, Plaintiff regularly worked more than 8 hours a

28

Makarem & Associates APLC   - 4 -
        **CLASS ACTION COMPLAINT**

1  day or 40 hours a week without separate overtime compensation. Regardless of the

2  number of hours plaintiff worked beyond 8 hours a day or 40 hours a week, Defendants

3  capped the maximum amount of overtime compensation it would pay plaintiff and/or did

4  not pay any overtime compensation to plaintiff. Defendants thus failed to pay Plaintiff all

5  wages earned each pay period and failed to provide Plaintiff with accurate wage

6  statements.

7       20.    The members of the Class are similarly situated individuals who are

8  presently employed or were formerly employed at BOEING in the E O & T  division in

9  California who were not (1) paid overtime for all hours in excess of eight worked in one

10  day or forty hours in one work week; (2) paid all wages owed each pay period; (3)

11  provided accurate wage statements; and/or (5) paid all earned wages timely upon

12  termination of their employment.

13  **CLASS ACTION ALLEGATIONS**

14       21.    Plaintiff brings this action on behalf of herself and all other similarly

15  situated persons as a class action pursuant to Code of Civil Procedure Section 382.

16  Plaintiff seek to represent a Class composed of and defined as follows:

17       a.   All former and current non-exempt employees employed by Defendant at

18           any time during the four-year period preceding the filing of this action

19           through the date notice is mailed to the class.

20       b.   All former and current non-exempt employees employed by Defendant, at

21           any time during the four-year period preceding the filing of this action

22           through the date notice is mailed to the class.

23       22.    Plaintiff reserve the right under Rule 1855(b), California Rules of Court, to

24  amend or modify the class description with greater specificity or further division into

25  subclasses or limitation to particular issues.

26       23.    This action has been brought and may be maintained as a class action

27  pursuant to Code of Civil Procedure Section 382 because there is a well-defined

28  community of interest among many persons who comprise a readily ascertainable class.

Makarem & Associates APLC        - 5 -

CLASS ACTION COMPLAINT

**Exhibit A, Page 20**

24.     **Numerosity and Ascertainability** (C.C.P. §382): The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown to Plaintiff at this time, however, it is estimated that the Class will number greater than 1,000. The identity of such membership can readily be ascertained from Defendants' employment records.

25.     **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims that would otherwise be too small to warrant individual litigation.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class members were to litigate separately.

26.     **Well-defined Community of Interest**: Plaintiff also meet the established standards for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

27.     **Typicality**: The claims of Plaintiff SUSAN NOVAK are typical of the claims of all members of the Class she seeks to represent because all members of the Class sustained injuries and damages arising out of Defendants' policy, practice and common course of conduct in violation of law and the injuries and damages of all members of the

Makarem & Associates APLC                    - 6 -
CLASS ACTION COMPLAINT

1   Class were caused by Defendants' wrongful conduct in said violation of law, as alleged

2   herein.

3       28.     **Adequacy**: Plaintiff SUSAN NOVAK:

4           a.  Is an adequate representative of the Class she seeks to represent;

5           b.  will fairly protect the interests of the members of the Class;

6           c.  has no interests antagonistic to the members of the Class; and

7           d.  will vigorously pursue this suit via attorneys who are competent, skilled
                and experienced in litigating matters of this type.

8
9       29.     **Predominant Common Questions of Law or Fact**: There are common

10  questions of law and/or fact as to the members of the Class which predominate over

11  questions affecting only individual members of the Class, including, without limitation.

12  Whether Defendants violated Labor Code Sections 1194 and 510 by not paying overtime

13  wages to Class members for all hours worked in excess of eight in one day or in excess of

14  forty hours a week;

15          a.  Whether Defendants violated Labor Code Section 204 by not paying Class
                members for all wages earned during each pay period;

16
17          b.  Whether Defendants violated Labor Code Section 226(a) by not providing
                Class members with accurate wage statements;

18
19          c.  Whether Defendants violated Labor Code Section 201 or 202 by not paying
                Class members wages due upon termination in a timely manner;

20
21          d.  Whether Defendants failed to pay all wages due and owing at the time of
                termination or discharge to Class members ;

22
23          e.  Whether Defendants are liable to Class members for civil penalties under
                Labor Code Section 2699;

24
25          f.  Whether Defendant's conduct constituted unfair competition or unlawful
                business practice under Business and Professions Code Section 17200, *et seq.*;

26
27          g.  Whether injunctive relief is appropriate to ensure Defendant's compliance
                with the Labor Code with respect to members of the Class currently

28

Makarem & Associates APLC                - 7 -
                         CLASS ACTION COMPLAINT

1    employed by Defendants;

2    h.  Whether Class members are entitled to attorney's fees;

3    i.   Whether Class members are entitled to prejudgment interest;

4    j.   Whether Class members are entitled to restitution;

5    k.  Whether each Class member might be required to ultimately justify an

6        individual claim does not preclude maintenance of a class action. *Collins v.*

7        *Rocha* (1972) 7 Cal.2d 232.

8                    **FIRST CAUSE OF ACTION**

9                  **For Failure to Pay Overtime Wages**

10                   **(Against All Defendants)**

11       30.    Plaintiff incorporates by reference and realleges as if fully stated herein the

12   material allegations set out above in the preceding paragraphs.

13       31.    At all relevant times, Plaintiff and the other Class members were employees

14   covered by Labor Code Section 510 and Wage Order 7-2001 and pursuant to Labor Code

15   Section s 510 and Wage Order 7-2001, Plaintiff and the other Class members were entitled

16   to overtime wages payable at the rate of at least one and one-half times their regular rate of

17   pay for all work in excess of eight hours in one workday or in excess of forty hours in one

18   workweek and payable at the rate of at least twice the regular rate of pay for all work in

19   excess of twelve hours in one workday.

20       32.    Defendant failed to pay Plaintiff and the other Class members for all

21   overtime worked in accordance with Labor Code Section 510 and Wage Order 7-2001.

22   Plaintiff is informed and believe and thereon allege that at all relevant times within the

23   applicable class period, Defendants maintained and continue to maintain a policy or

24   practice of requiring Managers and Supervisors to perform various duties off the clock

25   without compensating them for all their hours actually worked.

26       33.    As a result of Defendants' unlawful conduct, Plaintiff and other members of

27   the Class have suffered damages in an amount, subject to proof, to the extent they were

28   not paid for all overtime wages earned.

Makarem & Associates APLC              - 8 -
                          CLASS ACTION COMPLAINT

34. Pursuant to Labor Code Section 1194, Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### For Failure to Furnish Accurate Wage Statements

### (Against All Defendants)

35. Plaintiff incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

36. At all relevant times, Plaintiff and the other class members were employees of Defendant covered by Labor Code Section 226.

California Labor Code § 226(a) provides that:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the

Makarem & Associates APLC

- 9 -

CLASS ACTION COMPLAINT

legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

37.    At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiff and the other Class Members, the beginning and ending time of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

38.    Defendants' failure to furnish accurate and timely wages statements to Plaintiff and the other members of the Class was knowing and intentional.

39.    As a result of Defendants' conduct, Plaintiff and other members of the Class are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

### THIRD CAUSE OF ACTION

#### For Failure to Pay All Wages Earned.

#### (Against All Defendants)

40.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

41.    At all relevant times, Plaintiff and the other members of the Class were employees covered by Labor Code Section 204.

42.    Pursuant to Labor Code Section 204, Plaintiff and the other members of the Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

43.    Defendants failed to pay Plaintiff and other members of the Class for all wages earned each pay period on the regular payday for the pay period. The earned and

Makarem & Associates APLC                     - 10 -
CLASS ACTION COMPLAINT

1  unpaid wages include, but are not limited to, wages for hours worked off the clock, and

2  overtime wages.

3      44.    As a result of Defendant's unlawful conduct, Plaintiff and members of the

4  Class have suffered damages in an amount according to proof at trial.

5      45.    Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiff and members

6  of the Class are entitled to recover the full amount of their unpaid wages, prejudgment

7  interest, reasonable attorney's fees and costs of suit.

8  **FOURTH CAUSE OF ACTION**

9  **For Failure to Pay Earned Wages Upon Termination or Discharge.**

10 **(Against All Defendants)**

11     46.    Plaintiff incorporates by reference and realleges as if fully stated

12 herein the material allegations set out above in the preceding paragraphs.

13     47.    At all relevant times, Plaintiff and the other members of the Class who were

14 discharged or terminated from employment are covered by Labor Code Section 201 or 202.

15     48.    Pursuant to Labor Code §§ 201 and 202, members of the Class were entitled

16 to receive upon termination all wages earned and unpaid at the time of termination.  If an

17 employee is discharged, all wages earned and unpaid are due and payable immediately

18 upon discharge.  If an employee quits his or her employment, his or her wages shall

19 become due and payable not later than 72 hours thereafter, unless the employee has given

20 72 hours previous notice of his or her intention to quit, in which case the employee is

21 entitled to his or her wages at the time of quitting.

22     49.    Defendants failed to pay terminated members of the Class all wages earned

23 and unpaid at the time of termination timely in accordance with Labor Code Section 201 or

24 202.  Their earned and unpaid wages at the time of termination include, but are not

25 limited to, hours worked off the clock and hours worked overtime.

26     50.    Defendants' failure to pay terminated members of the Class all wages

27 earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.

28 Defendants had the ability to pay all wages earned by employees prior to termination in

Makarem & Associates APLC     - 11 -

CLASS ACTION COMPLAINT

1  accordance with Labor Code Sections 201 or 202, but intentionally followed a practice or

2  adopted a policy that violated Labor Code Sections 201 or 202.

3      51.    Pursuant to Labor Code Section 201 or 202, Plaintiff and other members of

4  the terminated Class are entitled to all wages earned prior to termination that Defendant

5  failed to pay them.

6      52.    California Labor Code § 203 provides that if an employer willfully fails to

7  pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of the

8  employee shall continue as a penalty from the due date thereof at the same rate until paid

9  or until an action therefore is commenced; but the wages shall not continue for more than

10  30 days.

11      53.    Therefore, terminated members of the Class are entitled to recover from

12  Defendants the statutory penalty for each day they were not paid at their regular rate of

13  pay up to 30 days' maximum pursuant to California Labor Code § 203.

14      54.    Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members

15  of the terminated Class are entitled to recover their unpaid wages, waiting time penalties

16  under Labor Code Section 203, reasonable attorney's fees and costs of suit. Pursuant to

17  Labor Code Section 218.6 or Civil Code Section 3287(a), Plaintiff and other members of the

18  terminated Class are entitled to recover prejudgment interest.

19                 **FIFTH CAUSE OF ACTION**

20             **For Unfair Competition in Violation of**

21       **Business & Professions Code Section 17200**

22               **(Against All Defendants)**

23      55.    Plaintiff incorporate by reference and reallege as if fully stated herein the

24  material allegations set out above in the preceding paragraphs.

25      56.    Defendants are "persons" as that term is defined under Business &

26  Professions Code § 17021.  Business & Professions Code § 17200 defines unfair competition

27  as any unlawful, unfair, or fraudulent business act or practice.

28      57.    At all times relevant hereto, by and through the conduct described herein,

Makarem & Associates APLC        - 12 -

                 CLASS ACTION COMPLAINT

Defendants have engaged in unfair and unlawful practices by, among others:

    a.    capping payment of overtime wages regardless of the number of overtime hours worked;

    b.    failing to pay overtime wages for all hours worked overtime;

    c.    failing to pay all earned wages on regular paydays;

    d.    failing to pay all earned wages upon termination;

    e.    failing to maintain and furnish accurate wage statements;

58.    Plaintiff and other members of the Class are entitled to, and do seek, such relief as may be necessary to restore to them all wages and other monies owed and belonging to them, including interest thereon, that Defendant wrongfully withheld from them and retained for themselves.   Pursuant to Business & Professions Code § 17203, Plaintiff and other members of the Class are entitled to restitution of the wages and other monies withheld, deducted and/or retained by Defendants during a period that commences four years prior to the filing of this action.

59.    Pursuant to Business and Professions Code § 17203, Plaintiff and other members of the Class are entitled to an injunction to prevent the continuation of Defendant's unlawful and unfair business practices that constitute unfair competition.

60.    Plaintiff and other members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and all other persons similarly situated, prays for relief and judgment against Defendants as follows:

a) CLASS CERTIFICATION

    i)   An order that the action be certified as a class action;

    ii)  An order that Plaintiff be certified as the representatives of the Class;

    iii) An order that counsel for Plaintiff be confirmed as *Class counsel;*

Makarem & Associates APLC    - 13 -
CLASS ACTION COMPLAINT

Exhibit A, Page 28

b) ON THE FIRST CAUSE OF ACTION

    i) Damages for unpaid overtime wages according to proof;

    ii) Prejudgment interest;

c) ON THE SECOND CAUSE OF ACTION

    i) Damages or penalties for not providing accurate wage statements in an amount according to proof;

    ii) An order requiring Defendant to comply with Labor Code Section 226(a);

d) ON THE THIRD CAUSE OF ACTION

    i) Damages for unpaid wages earned but not paid each pay period in an amount according to proof;

    ii) Prejudgment interest;

e) ON THE FOURTH CAUSE OF ACTION

    i) Damages for unpaid wages earned prior to termination of employment in an amount according to proof;

    ii) Waiting time penalties for failure to pay all earned wages timely upon termination of employment in an amount according to proof;

    iii) Prejudgment interest;

f) ON THE FIFTH CAUSE OF ACTION

    i) Restitution of all unpaid wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for themselves in an amount according to proof

    ii) Prejudgment interest:

    iii) An order enjoining Defendants from engaging in the unfair and unlawful business practices described herein;

//
//
//
//
//

Makarem & Associates APLC

- 14 -

CLASS ACTION COMPLAINT

g)  ON ALL CAUSES OF ACTION

   i)  Judgment in favor of Plaintiff and the Class and against Defendants;

   ii)  Reasonable attorney's fees;

   iii) Costs of suit; and

   iv) Such other relief as the Court deems just and proper.

Dated: July 24, 2009                    MAKAREM & ASSOCIATES, APLC

                                   By: _____
                                       MARNI B. FOLINSKY
                                       Attorneys for Plaintiff