1  Daniel F. Fears, Bar No. 110573
   E-Mail: dff@paynefears.com
2  Daniel F. Lula, Bar No. 227295
   E-Mail: dfl@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  4 Park Plaza, Suite 1100
   Irvine, CA 92614
5  Telephone: (949) 851-1100
   Facsimile: (949) 851-1212
6
   Attorneys for Defendant
7  THE BOEING COMPANY

8  # UNITED STATES DISTRICT COURT

9  # FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NOVAK, an individual and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO. SACV09-1011 CJC (ANx)<br><br>**EVIDENTIARY OBJECTIONS TO:**<br><br>**(1) DECLARATION OF JEAN-PAUL LE CLERCQ AND EXHIBITS THERETO;**<br><br>**(2) DECLARATION OF JACQUELINE VELEZ; AND**<br><br>**(3) DECLARATION OF VICTOR CLEMENT.**<br><br>Hearing Date: June 6, 2011<br>Time: 1:30 p.m.<br>Courtroom: 9B<br>Judge: Cormac J. Carney<br><br>Discovery Cut-Off: October 7, 2011<br>Motion Cut-Off: December 9, 2011<br>Trial: January 17, 2012 |

Defendant THE BOEING COMPANY ("Boeing") hereby submits the following Evidentiary Objections to the Declarations and Exhibits in Support of Plaintiffs' Opposition to Defendant's Motion to Dismiss Or, In the Alternative, Motion for Partial Summary Judgment.

-1-

# I.
# DECLARATION OF JEAN-PAUL LE CLERCQ AND EXHIBITS

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| 1.     Paragraph 2 and Exhibit A. | *Lack of Foundation; Lack of Personal Knowledge.* Declarant provides no foundation for his statement that Exhibit A is a true and correct copy, such as testimony that an original was received by his office, that a copy was made by him or at his direction, or that he has compared the copy with the original.  Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>*Exhibit Not Authenticated.*  An exhibit must be authenticated by competent testimony | Sustained:____<br>Overruled:____ |

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | sufficient to show the document is what it purports to be. Fed. R. Evid. 901(a) ("authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Declarant has not provided any competent testimony, such as certified extracts from a deposition in which a competent witness authenticated the document. Merely stating that the document was authenticated during a deposition (but not providing the deposition testimony) is insufficient and conclusory. | |
| 2.     Paragraph 3 and Exhibit B. | *Lack of Foundation; Lack of Personal Knowledge.* Declarant provides no | Sustained:____ Overruled:____ |

-3-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | foundation for his statement that Exhibit B is a true and correct copy, such as testimony that an original was received by his office, that a copy was made by him or at his direction, or that he has compared the copy with the original. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") *Exhibit Not Authenticated.* An exhibit must be authenticated by competent testimony sufficient to show the document is what it purports to be. Fed. R. Evid. 901(a) ("authentication or identification as a condition precedent to admissibility is | |

-4-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Declarant has not provided any competent testimony authenticating this document. | |
| 3. Paragraph 4 and Exhibit C. | *Lack of Foundation; Lack of Personal Knowledge.* Declarant provides no foundation for his statement that Exhibit C is a true and correct copy, such as testimony that an original was received by his office, that a copy was made by him or at his direction, or that he has compared the copy with the original. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | Sustained:____ Overruled:____ |

-5-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | *Exhibit Not Authenticated.* An exhibit must be authenticated by competent testimony sufficient to show the document is what it purports to be. Fed. R. Evid. 901(a) ("authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Declarant has not provided any competent testimony authenticating this document. | |
| 4.     Paragraph 5 and Exhibit D. | *Lack of Foundation; Lack of Personal Knowledge.* Declarant provides no foundation for his statement that Exhibit D is a true and correct copy, such as testimony that an original was received by his office, that a copy was made by him or at his | Sustained:____ Overruled:____ |

-6-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | direction, or that he has compared the copy with the original. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") | |
| | *Exhibit Not Authenticated.* An exhibit must be authenticated by competent testimony sufficient to show the document is what it purports to be. Fed. R. Evid. 901(a) ("authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Declarant has not provided any competent testimony | |

-7-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
|  | authenticating this document. |  |
| 5.     Paragraph 6 and Exhibit E. | *Lack of Foundation; Lack of Personal Knowledge.* Declarant provides no foundation for his statement that Exhibit E is a true and correct copy, such as testimony that an original was received by his office, that a copy was made by him or at his direction, or that he has compared the copy with the original.  Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")<br><br>*Exhibit Not Authenticated.*  An exhibit must be authenticated by competent testimony sufficient to show the document is what it purports to | Sustained:____ Overruled:____ |

-8-

<mark>Case 8:09-cv-01011-CJC-AN   Document 120   Filed 05/23/11   Page 9 of 15   Page ID #:2847</mark>

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
|  | be. Fed. R. Evid. 901(a) ("authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims"). Declarant has not provided any competent testimony authenticating this document. Declarant does not even state where this document came from. |  |
| 6. The sentence, "Plaintiffs will suffer severe prejudice if this Court grants any portion of Defendant's motion without the above two pieces of information" in Paragraph 7. | *Lack of Foundation; Conclusory.* Declarant does not provide any background facts or basis for this conclusion. | Sustained:____ Overruled:____ |

<mark>1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28</mark>

-9-

## II.

## DECLARATION OF JACQUELINE VELEZ

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| 7. The following sentences in Paragraph 3: "Specifically, and consistent with Boeing's EWW program, I was told not to record all of my hours worked unless I was actually going to receive payment for time worked beyond 80 hours in a pay period (two weeks). This resulted in me commonly working overtime that was not recorded and would not subsequently show up on my payroll records. In other words, my payroll records ordinarily did not accurately reflect all hours I worked." | *Vague and Ambiguous.* "I was told not to" is vague, ambiguous and unsupported. Declarant provides no detail about who at Boeing allegedly told her this, and when. *Lack of Foundation; Conclusory.* Declarant provides no foundation for her statement that "this resulted" in anything. *Lack of Personal Knowledge.* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Declarant does not provide facts showing personal knowledge of what "show[ed] up" on her "payroll records," or what her "payroll records" | Sustained:____ Overruled:____ |

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | would "reflect," *e.g.* Declarant does not state that she received or reviewed any payroll records. | |
| 8. The following sentences in Paragraph 4: "In order to conduct work related activities from outside the office I was required to use my personal internet connection. In other words, I incurred necessary internet expenses to conduct company business for which I was not compensated." | *Lack of Foundation; Conclusory.* Declarant does not provide sufficient background facts for her statement that she was "required" to use anything or that the expenses were "necessary." *Vague and Ambiguous.* "For which I was not compensated" is vague and unsupported. Declarant does not state that she requested reimbursement, from whom, or what was said, and does not state from whom she expected "compensation." | Sustained:____ Overruled:____ |

-11-

# III.
# DECLARATION OF VICTOR CLEMENT

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| 9.   The following sentences in Paragraph 3: "Specifically, and consistent with Boeing's EWW program, I was told not to record all of my hours worked unless I was actually going to receive payment for time worked beyond 80 hours in a pay period (two weeks). This resulted in me commonly working overtime that was not recorded and would not subsequently show up on my payroll records. In other words, my payroll records ordinarily did not accurately reflect all hours I worked." | *Vague and Ambiguous.* "I was told not to" is vague, ambiguous and unsupported. Declarant provides no detail about who at Boeing allegedly told him this, and when. *Lack of Foundation; Conclusory.* Declarant provides no foundation for his statement that "this resulted" in anything. *Lack of Personal Knowledge.* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.") Declarant does not provide facts showing personal knowledge of what "show[ed] up" on his "payroll records," or what his "payroll records" | Sustained:____ Overruled:____ |

-12-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | would "reflect," *e.g.* Declarant does not state that he received or reviewed any payroll records. | |
| 10. The following sentences in Paragraph 4: "In order to conduct work related activities from outside the office I was required to use my personal internet connection. In other words, I incurred necessary internet expenses to conduct company business for which I was not compensated." | *Lack of Foundation; Conclusory.* Declarant does not provide sufficient background facts for his statement that he was "required" to use anything or that the expenses were "necessary." *Vague and Ambiguous.* "For which I was not compensated" is vague and unsupported. Declarant does not state that he requested reimbursement, from whom, or what was said, and does not state from whom he expected "compensation." | Sustained:____ Overruled:____ |
| 11. The following portion of the sentence in Paragraph 4: "Unlike other Level 4s . . ." | *Lack of Personal Knowledge.* Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding | Sustained:____ Overruled:____ |

-13-

| Testimony Objected to: | Objection and Grounds: | Ruling on Objection: |
|---|---|---|
| | that the witness has personal knowledge of the matter.") Declarant does not provide facts showing personal knowledge of what "other Level 4s" may have had or received. | |

DATED: May 23, 2011          PAYNE & FEARS LLP


                             By: /s/ Daniel F. Fears
                                  DANIEL F. FEARS

                             Attorneys for Defendant
                             THE BOEING COMPANY

-14-

<u>**ORDER**</u>

The foregoing objections are sustained or overruled as indicated.

**IT IS SO ORDERED.**

**DATED:** _____
United States District Judge

4835-7505-6137, v. 1