MAKAREM & ASSOCIATES, APLC
Ronald W. Makarem, Esq. (SB #180442)
Jean-Paul Le Clercq, Esq. (SB #248818)
11601 Wilshire Boulevard, Suite 2440
Los Angeles, California 90025-1760
Phone: (310) 312-0299; Fax: (310) 312-0296

Attorneys for Plaintiffs, Susan Novak, Victor Clement, Jacqueline Velez and Leslie Heard

FILED
2011 JUN 13 PM 4:09
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SUSAN NOVAK, individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY, a Delaware Corporation and DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO. SACV09-1011 CJC (ANx)<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT FOR:**<br>　1. FAILURE TO PAY OVERTIME WAGES<br>　2. FAILURE TO FURNISH ACCURATE WAGE STATEMENTS<br>　3. FAILURE TO PAY ALL WAGES EARNED<br>　4. UNFAIR BUSINESS COMPETITION IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200<br>　5. FAILURE TO REIMBURSE EMPLOYEE WORK EXPENSES<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs, SUSAN NOVAK, VICTOR CLEMENT, JACQUELINE VELEZ, and LESLIE HEARD individually and on behalf of all similarly situated individuals, hereby alleges, avers, and complains, as follows:

Printed on recycled paper　　　- 1 -
THIRD AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1. This is a class action brought on behalf of Plaintiffs, SUSAN NOVAK, VICTOR CLEMENT, JACQUELINE VELEZ and LESLIE HEARD individually, and all other individuals similarly situated who were employed by THE BOEING COMPANY ("BOEING") and Does 1 through 100, (collectively "Defendants") in the Engineering, Operations & Technology Division (hereinafter "E O & T") as non-exempt employees in California.

2. Plaintiffs and all other similarly situated individuals were employed by BOEING (collectively, the "Class" or "Class Members") during the four years preceding the filing of this action, and continuing while this action is pending ("Class Period"), and were denied the benefits and protections required under the California Labor Code and other statutes and regulations applicable to non-exempt employees in the State of California.

3. Plaintiffs allege that Defendant (1) failed to pay Plaintiff and Class Members all overtime wages for hours worked in excess of 8 hours a day or 40 hours a week; (2) failed to provide accurate wage statements after each pay period; (3) failed to pay all wages earned each pay period on the regular payday in violation of Labor Code § 204; (4) violated California's Unfair Business Practices Act, California Business & Professions Code §§ 17200, *et seq.*; and (5) failed to reimburse employee work expenses in violation of Labor Code §2802.

4. Plaintiffs and Class Members, pursuant to Business & Professions Code §§17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants enjoyed from their failure to pay proper compensation.

5. This Court has jurisdiction over this action pursuant to Code of Civil Procedure § 410.10. The action is brought pursuant to Code of Civil Procedure § 382, Civil Code §§ 1781 et seq. Plaintiffs bring this action on their own behalf, and on behalf of all persons within the Class as hereinafter defined.

6. During the period beginning one year preceding the filing of the original complaint in this action, Defendants violated Labor Code Sections 204, 226(a), 510 and 2802. Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action to recover civil penalties pursuant to Labor Code Section 2699. At this time, Plaintiffs, on behalf of themselves and all others similarly situated, are not asserting any claim for civil penalties pursuant to California Labor Code § 2699. Plaintiffs, on behalf of themselves and all others similarly situated, do, however, reserve the right to amend the complaint, or any other subsequently filed pleading to assert claims for civil penalties under the Private Attorney General Act of 1994.

## 1. THE PARTIES

7. Plaintiff SUSAN NOVAK is an individual and resident of Orange County.

8. Plaintiff VICTOR CLEMENT is an individual and resident of Los Angeles County.

9. Plaintiff JACQUELINE VELEZ is an individual and resident of Los Angeles County.

10. Plaintiff LESLIE HEARD is an individual and resident of Los Angeles County.

11. Defendant THE BOEING COMPANY is a Delaware corporation. Defendant owns and operates locations throughout the state of California, including Orange County.

12. The true names and capacities of defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who sue said defendants by such fictitious names. Plaintiffs are informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiffs and the members of the Class. Plaintiffs will seek leave of

Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

13. Plaintiffs are informed and believes and thereon allege that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein.

14. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

15. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment,

16. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

17. Defendants, including Does 1 through 100, inclusive, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

## FACTUAL ALLEGATIONS

18. Defendant BOEING, according to its website, is the world's leading aerospace company and the largest combined manufacturer of commercial jetliners and military aircraft.

19. Plaintiff NOVAK works for BOEING as a computer programmer, a non-exempt employee in the E O & T Division. Plaintiff NOVAK has worked for Boeing since approximately 2001 and is still currently employed with BOEING.

20. Plaintiffs CLEMENT, VELEZ and HEARD worked for BOEING as computer programmers, a non-exempt employee in the E O & T Division. They are no longer employed by BOEING.

21. Plaintiffs NOVAK and CLEMENT and others similarly situated as Plaintiffs NOVAK and CLEMENT, primarily engaged in duties that are not exempt from the wage and hour orders. Plaintiffs NOVAK and CLEMENT worked more than 8 hours a day or 40 hours a week without being paid overtime at the legal hourly overtime rate. Accordingly, Plaintiffs NOVAK and CLEMENT were not paid for all the wages they earned per pay period.

22. In addition, BOEING capped the maximum amount of overtime compensation it would pay to Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD regardless of the number of hours worked beyond 8 hours a day or 40 hours a week pursuant to Boeing's Extended Workweek ("EWW") policy for exempt salaried employees. Since BOEING did not pay for all overtime hours worked, BOEING's wage statements were inaccurate, deceptive and in violation of Labor Code §226(a)because, among other things, the wage statements reflected an inaccurate hourly overtime rate and/or an inaccurate number of overtime hours paid by Boeing.

23. Plaintiffs CLEMENT, VELEZ and HEARD were employees who worked from home. A telephone line and internet connection were necessary for Plaintiffs CLEMENT, VELEZ and HEARD to perform their job duties for Boeing. Plaintiffs CLEMENT, VELEZ and HEARD personally paid for both the phone line and internet connection and were not reimbursed by BOEING for these work expenses.

24. The members of the Class are similarly situated individuals who are presently employed or were formerly employed at BOEING in the E O & T division

in California who were not (1) paid overtime for all hours in excess of eight worked in one day or forty hours in one work week; (2) paid all wages owed each pay period; (3) provided accurate wage statements; and/or (4) reimbursed work related expenses.

## CLASS ACTION ALLEGATIONS

25.  Plaintiffs NOVAK and CLEMENT bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. Plaintiffs NOVAK and CLEMENT seek to represent a Class composed of and defined as follows:

   a.  Former and current non-exempt employees employed by Boeing in the E O & T Division in California who held the position of computer programmers at any time during the four-year period preceding the filing of this action through the date notice is mailed to the class.

26.  Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD seek to represent a Class composed of and defined as follows:

   a.  Former and current exempt salaried employees subject to Boeing's Extended Workweek policy employed by Boeing who received inaccurate wage statements at any time during the four-year period preceding the filing of this action through the date notice is mailed to the class.

27.  Plaintiffs CLEMENT, VELEZ and HEARD bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. Plaintiffs CLEMENT, VELEZ and HEARD seek to represent a Class composed of and defined as follows:

   a.  Former and current exempt and non-exempt employees employed by Boeing who work from home and are not reimbursed for their work related expenses at any time during the four-year period preceding the filing of this

action through the date notice is mailed to the class.

28. Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

29. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

30. **Numerosity and Ascertainability** (C.C.P. §382): The potential number of Class members as defined is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown to Plaintiff at this time, however, it is estimated that the Class will number greater than 1,000. The identity of such membership can readily be ascertained from Defendants' employment records.

31. **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims that would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class members to seek relief. A class action will serve an important public interest by

permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class members were to litigate separately.

32. **Well-defined Community of Interest**: Plaintiff also meet the established standards for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096), as follows:

33. **Typicality**: The claims of Plaintiffs SUSAN NOVAK, VICTOR CLEMENT, JACQUELINE VELEZ and LESLIE HEARD are typical of the claims of all members of the Class they seek to represent because all members of the Class sustained injuries and damages arising out of Defendants' policy, practice and common course of conduct in violation of law and the injuries and damages of all members of the Class were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

34. **Adequacy**: Plaintiffs SUSAN NOVAK, VICTOR CLEMENT, JACQUELINE VELEZ and LESLIE HEARD:

    a. Are adequate representatives of the Class they seek to represent;

    b. Will fairly protect the interests of the members of the Class;

    c. Have no interests antagonistic to the members of the Class; and

    d. Will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

35. **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation.

    a. Whether Defendants violated Labor Code Sections 1194 and 510 by not paying overtime wages to Class members for all hours worked in excess of eight in one day or in excess of forty hours a week;

    b. Whether Defendants violated Labor Code Section 204 by not

1   paying Class members for all wages earned during each pay period;

2       c.    Whether Defendants violated Labor Code Section 226(a) by not providing Class members with accurate wage statements;

    d.    Whether Defendants violated Labor Code Section 2802 by not reimbursing Class members for work related expenses;

    e.    Whether Defendants are liable to Class members for civil penalties under Labor Code Section 2699;

    f.    Whether Defendant's conduct constituted unfair competition or unlawful business practice under Business and Professions Code Section 17200, et seq.;

    g.    Whether injunctive relief is appropriate to ensure Defendant's compliance with the Labor Code with respect to members of the Class currently employed by Defendants;

    h.    Whether Class members are entitled to attorney's fees;

    i.    Whether Class members are entitled to prejudgment interest;

    j.    Whether Class members are entitled to restitution;

    k.    Whether each Class member might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha* (1972) 7 Cal.2d 232.

## FIRST CAUSE OF ACTION
### For Failure to Pay Overtime Wages
**(On behalf of Plaintiffs SUSAN NOVAK and VICTOR CLEMENT)**
**(Against All Defendants)**

36.    Plaintiffs NOVAK and CLEMENT incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

37.    At all relevant times, Plaintiffs NOVAK and CLEMENT and the other Class members were employees covered by Labor Code Section 510 and Wage

Order 7-2001 and pursuant to Labor Code Sections 510 and Wage Order 4-2001, Plaintiffs NOVAK and CLEMENT and the other Class members were entitled to overtime wages payable at the rate of at least one and one-half times their regular rate of pay for all work in excess of eight hours in one workday or in excess of forty hours in one workweek and payable at the rate of at least twice the regular rate of pay for all work in excess of twelve hours in one workday.

38. Defendant failed to pay Plaintiffs NOVAK and CLEMENT and the other Class members for all overtime worked in accordance with Labor Code Section 510 and Wage Order 4-2001.

39. As a result of Defendants' unlawful conduct, Plaintiffs NOVAK and CLEMENT and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all overtime wages earned.

40. Pursuant to Labor Code Section 1194, Plaintiffs NOVAK and CLEMENT and other members of the Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, reasonable attorney's fees and costs of suit.

### SECOND CAUSE OF ACTION
**For Failure to Furnish Accurate Wage Statements**
**(On behalf of Plaintiffs SUSAN NOVAK, VICTOR CLEMENT, JACQUELINE VELEZ and LESLIE HEARD)**
**(Against All Defendants)**

41. Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

42. At all relevant times, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and the other class members were employees of Defendant covered by Labor Code section 226(a) which provides in pertinent part:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

43. At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and the other Class Members, the total daily hours worked, the total hours being paid, the total hours worked per pay period and applicable rates of pay.

44. Defendants' failure to furnish accurate and timely wages statements to Plaintiff and the other members of the Class was knowing and intentional.

45. Due to the inaccuracies in the wage statements provided by Defendant, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and other class members suffered confusion over whether they were paid all wages owed, difficulty in understanding their wage statements, and were forced to engage in mathematical computations when analyzing their wage statements, among other problems.

46. As a result of the problems caused by Defendant's inaccurate wage

statements, Plaintiffs suffered monetary injury including, but not limited to, not receiving pay for all time worked and not receiving pay for all time identified as owed by Defendant's EWW policy.

47. As a result of Defendants' conduct, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and other members of the Class are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

## THIRD CAUSE OF ACTION
### For Failure to Pay All Wages Earned.
### (On Behalf of Plaintiffs SUSAN NOVAK and VICTOR CLEMENT
### (Against All Defendants)

48. Plaintiffs NOVAK and CLEMENT incorporates by reference and realleges as if fully stated herein the material allegations set out above in the preceding paragraphs.

49. At all relevant times, Plaintiffs NOVAK and CLEMENT and the other members of the Class were employees covered by Labor Code Section 204.

50. Pursuant to Labor Code Section 204, Plaintiffs NOVAK and CLEMENT and the other members of the Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

51. Defendants failed to pay Plaintiffs NOVAK and CLEMENT and other members of the Class for all wages earned each pay period on the regular payday for the pay period. The earned and unpaid wages include, but are not limited to, wages for hours worked off the clock, and overtime wages.

52. As a result of Defendant's unlawful conduct, Plaintiffs NOVAK and CLEMENT and members of the Class have suffered damages in an amount according to proof at trial.

53. Pursuant to Labor Code Sections 218, 218.5 and 218.6, Plaintiffs NOVAK and CLEMENT and members of the Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

## FOURTH CAUSE OF ACTION
### For Unfair Competition in Violation of
### Business & Professions Code Section 17200
### (On Behalf of Plaintiffs SUSAN NOVAK, VICTOR CLEMENT,
### JACQUELINE VELEZ and LESLIE HEARD)
### (Against All Defendants)

54. Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

55. Defendants are "persons" as that term is defined under Business & Professions Code § 17021. Business & Professions Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

56. At all times relevant hereto, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by, among others:

    a. capping payment of overtime wages regardless of the number of overtime hours worked;

    b. failing to pay overtime wages for all hours worked overtime;

    c. failing to pay all earned wages on regular paydays;

    d. failing to reimburse for work related expenses;

    e. failing to maintain and furnish accurate wage statements;

57. Plaintiffs NOVAK, CLEMENT, VELEZ and HEARDand other members of the Class are entitled to, and do seek, such relief as may be necessary to restore to them all wages and other monies owed and belonging to them, including interest thereon, that Defendant wrongfully withheld from them and retained for

themselves. Pursuant to Business & Professions Code § 17203, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and other members of the Class are entitled to restitution of the wages and other monies withheld, deducted and/or retained by Defendants during a period that commences four years prior to the filing of this action.

58. Pursuant to Business and Professions Code § 17203, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and other members of the Class are entitled to an injunction to prevent the continuation of Defendant's unlawful and unfair business practices that constitute unfair competition.

59. Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD and other members of the Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Business Expenses
### (On Behalf of Plaintiffs VICTOR CLEMENT, JACQUELINE VELEZ and LESLIE HEARD)
### (Against All Defendants)

60. Plaintiffs CLEMENT, VELEZ and HEARD incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

61. At all relevant times herein, Plaintiffs CLEMENT, VELEZ and HEARD and other members of the Class were members of Defendant's "virtual worker" program. As members of the "virtual worker" program, Defendant required Plaintiffs and class members to incur necessary business expenses directly related to their work, including home telephone line and internet connection expenses. Defendant's own written policies state that "virtual" workers are required to use "high speed internet" to access Defendant's internal systems. Labor Code section

- 14 -
THIRD AMENDED CLASS ACTION COMPLAINT

2802(a) requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

62. In other words, Defendant should have reimbursed Plaintiffs and other class members for their home internet and telephone line expenses because they were "a necessary expenditure . . . incurred by [Plaintiffs and class members] in direct consequence of the discharge of [their] duties."

63. These necessary business related expenses incurred by Plaintiffs and other class members were reasonable under the circumstances associated with Defendant's "virtual" work program.

64. Defendant knew, or should have known, that Plaintiffs and other members of its "virtual worker" program incurred these expenses while working at home because Defendant, at one point during the class period, paid for its "virtual" workers' high speed internet access.

65. Defendants failed to pay Plaintiffs CLEMENT, VELEZ and HEARD and other members of the Class for these duty-related expenses in violation of Labor Code §2802.

66. As a result, Defendants are liable to Plaintiffs CLEMENT, VELEZ and HEARD and the Class members for said expenditures and losses, plus interest, penalties, and attorney's fees and costs pursuant to Labor Code section 2802.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs NOVAK, CLEMENT, VELEZ and HEARD on behalf of themselves and all other persons similarly situated, prays for relief and judgment against Defendants as follows:

a) CLASS CERTIFICATION

    i) An order that the action be certified as a class action;

    ii) An order that Plaintiffs NOVAK, CLEMENT, VELEZ and

Case 8:09-cv-01011-CJC-AN   Document 125   Filed 06/13/11   Page 16 of 19   Page ID
 #:2888

HEARD be certified as the representatives of the Class;

    iii) An order that counsel for Plaintiff be confirmed as *Class counsel;*

 b) ON THE FIRST CAUSE OF ACTION

    i) Damages for unpaid overtime wages according to proof;

    ii) Prejudgment interest;

 c) ON THE SECOND CAUSE OF ACTION

    i) Damages or penalties for not providing accurate wage statements in an amount according to proof;

    ii) An order requiring Defendant to comply with Labor Code Section 226(a);

 d) ON THE THIRD CAUSE OF ACTION

    i) Damages for unpaid wages earned but not paid each pay period in an amount according to proof;

    ii) Prejudgment interest;

 e) ON THE FOURTH CAUSE OF ACTION

    i) Restitution of all unpaid wages and other monies owed and belonging to Class members that Defendants unlawfully withheld from them and retained for themselves in an amount according to proof

    ii) Prejudgment interest:

    iii) An order enjoining Defendants from engaging in the unfair and unlawful business practices described herein;

 f) ON THE FIFTH CAUSE OF ACTION

    i) Damages for unreimbursed expenses incurred in the performance of their duties according to proof;

    ii) Prejudgment interest;

 g) ON ALL CAUSES OF ACTION

    i) Judgment in favor of Plaintiff and the Class and against Defendants;

Printed on recycled paper - 16 -
THIRD AMENDED CLASS ACTION COMPLAINT

ii) Reasonable attorney's fees;

iii) Costs of suit; and

iv) Such other relief as the Court deems just and proper.

Dated: June 10, 2011                            **MAKAREM & ASSOCIATES**, APLC

By: _____
JEAN-PAUL LE CLERCQ
Attorneys for Plaintiff

  ii)  Reasonable attorney's fees;

  iii)  Costs of suit; and

  iv)  Such other relief as the Court deems just and proper.

Dated: June 10, 2011        **MAKAREM & ASSOCIATES,** APLC

                By: _____/S/_____
                   JEAN-PAUL LE CLERCQ
                   Attorneys for Plaintiff

PROOF OF SERVICE
(Code of Civil Procedure §1013A(d))

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 11601 Wilshire Boulevard, Suite 2440 Los Angeles, California 90025. On June 13, 2011, I caused the foregoing document described as:

Third Amended Class Action Complaint

Said document was served on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Daniel F. Fears, Esq.
Sean A. O'Brien, Esq.
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, California 92614

_xx_ BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this business' practice for collection and processing of mail and that on the same day, and in the ordinary course of business, said mail is deposited in the United States Mail with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in the affidavit/proof of service.

__ PERSONAL SERVICE: I delivered said envelope by hand to the offices of the addressee(s).

_XX_ VIA E-MIAL: On the interested parties above-designated at the fax numbers noted above.

___ VIA OVERNIGHT DELIVERY: I placed such envelope for regularly scheduled pickup at our offices on the date of this declaration by our usual overnight delivery service.

I declare under penalty of perjury under the laws of the State of California and the United States of American that the foregoing is true and correct. Executed on June 13, 2011, at Los Angeles, California.

*Stefani McDowell*
Stefani McDowell

Printed on Recycled Paper